RHODES *et al.*, executors, *vs.* Neal.

A contract to pay one for the use of his influence in securing the consent of a prosecutor to dismiss certain prosecutions for felonies is contrary to public policy ; and a declaration which seeks to recover for services so rendered is demurrable.

Contracts.     Actions.     Before Judge CLARK.     City Court of Atlanta.     December Term, 1879.

This cause was an action of *assumpsit*, begun in the city court of Atlanta, by the plaintiffs, as executors of Foster Blodgett, against John Neal, Jr., for the recovery of $750.00 for services rendered to the defendant by plaintiffs' testator during the months of August, September and October, 1877, in securing the consent of the authorities of the Nashville, Chattanooga and St. Louis Railway Company, to the dismissal of certain criminal prosecutions pending in the circuit court of Hamilton county, Tennessee, against Wesley W. Neal.

The declaration was afterwards amended, and it was alleged that on the 29th of September, 1877, W. W. Neal, a brother of defendant, was under indictment in the circuit court of Hamilton county, Tennessee, for the offenses of larceny and fraudulent breach of trust, committed by the said W. W. Neal, while agent of the Nashville, Chattanooga and St. Louis Railway Company, and in imminent danger of conviction for said crimes.  On the day aforesaid the said W. W. Neal, having given bond for his appearance to answer said indictments, the defendant, John Neal, Jr., had deposited with the sureties upon the said appearance bond, to secure them from loss, the sum of $2,000 00, and having appointed Foster Blodgett his attorney in fact in this behalf, agreed with the said Foster Blodgett that if the said Blodgett would use his influence with the authorities of the said railway company to secure the dismissal of the said prosecutions against the said W. W. Neal, so much of

the $2,000.00 as should be left after paying attorney's fees and costs, should be the property of said Blodgett, in the event the prosecutions were dismissed. It was further alleged that Blodgett, in pursuance of this agreement, prevailed upon the authorities of the railway company to consent to the dismissal of said prosecutions, and they were dismissed, and of the $2,000.00 so deposited there remained $750.00 after paying attorneys' fees and costs, which sum of $750.00 the defendant, on November 12th, 1877, fraudulently took possession of and converted to his own use, and for which sum of $750.00 judgment was prayed.

To the declaration as amended, the defendant demurred upon the ground that the cause of action therein set out was a contract tending to obstruct the course of public justice in the state of Tennessee, and being such a contract, was contrary to public policy, illegal and void.

The court sustained the demurrer, and dismissed the case, and that judgment of the court is the error assigned.

CONLEY & SHUMATE, for plaintiffs in error.

A. B. CULBERSON ; E. N. BROYLES, for defendant.

CRAWFORD, Justice.

The plaintiffs in error sued the defendant in error to recover $750.00 which they alleged was due to their testator for services rendered in using his influence with the authorities of the Nashville and Chattanooga Railroad Company, to dismiss certain criminal prosecutions pending against Wesley Neal, who was under indictment for larceny and fraudulent breach of trust, and in imminent danger of conviction for said crimes. It was further alleged that the prosecutions were dismissed and that the said sum of $750.00 remained of $2,000.00 which had been deposited as security for the appearance of the said Wesley, and which was to belong to plaintiffs' testator, after the payment of the attorneys' fees and costs, but which the said John Neal,

Jr., fraudulently took possession of and converted to his own use.

This case was dismissed on demurrer in the court below, and that ruling is the error complained of here. The cause of action as set out in this declaration evidently shows a contract tending to obstruct the course of public justice, and being such a contract, was contrary to public policy, and therefore illegal and void. It is alleged that the party was under indictment and in imminent danger of being convicted for larceny and a fraudulent breach of trust, and being in that condition, the testator was to use his influence with the prosecutors to have the same dismissed, and in which he was successful.

If that is not a contract for the purpose of obstructing the due course of public justice in its effort to punish crime, one could scarcely be found. It is sufficient to defeat such a contract if there be a *bona fide* charge against one for felony. It is a high requirement of public policy that felonies shall be punished, and the law frowns upon any attempt to suppress investigation. 39 *Ga.*, 89 ; 3 *Kelly*, 176.

"Public morals, public justice and the well established principles of all judicial tribunals alike, forbid the interposition of courts of justice to lend their aid to the enforcement of such contracts." 4 Peters, 184.

Judgment affirmed.