STATE v. M. M. FURR.

*Indictment for Compounding Felony—Practice—Trial—Exceptions to Evidence Before Verdict—Motion in Arrest of Judgment—Instructions.*

1. On the trial of a Justice of the Peace charged with compounding a felony, the Court was requested to instruct the jury, in substance, that the defendant, being a Justice of the Peace, is not guilty of compounding a felony for merely making an honest mistake in judgment in regard to his duty to dismiss the parties before him charged with the felony, and if he, through ignorance of law, failed to conduct the case in a regular and orderly manner "he is not guilty." His Honor gave the instructions modified by the substitution of the words "This alone would not make him guilty" for the closing words of the prayer; *Held*, there was no error.

2. Exceptions to the sufficiency of evidence to support a verdict must be taken before verdict.

3. A judgment can be arrested in criminal cases only when the defect complained of appears upon the record proper.

4. Where parties charged with larceny were arrested and taken before a Justice of the Peace and were discharged after the payment of the costs and a sum of money agreed upon between them and the prosecutor, such voluntary payment was evidence of their guilt of the larceny charged in the warrant, and the acceptance of the costs from the defendants by the magistrate was some evidence against him on the trial of an indictment for compounding the felony.

INDICTMENT against M. M. Furr, a Justice of the Peace, and others, for compounding a felony, tried before *Coble*, *J.*, and a jury at Fall Term, 1897, of CABARRUS Superior Court. The defendants, Furr and Widenhouse, were convicted. The judgment of the Court was that the defendant Furr be removed from the office of Justice of the Peace and

be disqualified from holding or enjoying any office of honor, trust or profit in the State and pay a fine of $50,·from which judgment defendant Furr appealed.

*Mr. Zeb V. Walser, Attorney General,* for the State.
*Mr. Morrison Caldwell,* for defendant (appellant).

MONTGOMERY, J.: The defendants, M. M. Furr, a Justice of the Peace, D. M. Widenhouse, Jason Furr, Hiram Cox and Luther Bost, were indicted for compounding a felony, charged in the indictment to have been committed by the last three of the above named. The defendants Widenhouse and M. M. Furr, the Justice of the Peace, alone were put upon trial. There seems to be a conflict between the printed record and the transcript as to whether Widenhouse was tried and convicted but that is immaterial as the defendant M. M. Furr is the only appellant here.

The special instructions asked by the defendant were given just as requested except that the fourth was modified. In that fourth prayer the defendant asked his Honor to give an instruction in the following words: "4th. The defendant M. M. Furr, being a Justice of the Peace, is not guilty of compounding a felony for merely making an honest mistake in judgment in regard to his duty to dismiss the defendants charged before him with the felony. If he, through ignorance of law failed to conduct. the case against the defendants charged with the stealing of the goods of Mrs. Widenhouse in a regular and orderly manner; he is not guilty. The jury must be fully satisfied that said Furr acted in such case corruptly and for a reward or advantage."

His Honor gave every word of it except that he left out the words "he is not guilty," and substituted therefor "this alone would not make him guilty."

On the motion for a new trial, the grounds for the same were based first, on an alleged insufficiency of the evidence

as to the receipt by Furr of any benefit or advantage derived from the alleged compounding, or that he had made any agreement not to prosecute the defendants Jason Furr, Cox and Bost.

The matter alleged as a first ground for a new trial was too late. Exceptions to the sufficiency of evidence must be taken before verdict. *State* v. *Harris*, 120 N. C., 577. In respect to the matters constituting the second alleged ground for the motion we find that the charge was sufficiently clear and full; that part of the charge was as follows: "It is for the jury to decide from the evidence if the State has satisfied you beyond a reasonable doubt that the defendant Widenhouse had had certain property stolen and that certain parties, Jason Furr, Hiram Cox and Luther Bost were charged with the crime, and that said parties, Jason Furr, Hiram Cox and Luther Bost paid defendant Widenhouse a certain amount of money and that, in consideration of the money paid him, he agreed to put an end to the prosecution against said parties, or agreed in consideration of the money paid him not to prosecute them for the crime charged; and if the jury are further satisfied beyond a reasonable doubt that defendant Furr received a part of the money paid by the said Jason Furr, Cox and Bost, and in consideration of the money so paid him he put an end to the prosecution against said Jason Furr, Cox and Bost, or in consideration of the money so paid him he agreed not to prosecute them for the crime charged, then the jury will find both defendants Furr and Widenhouse guilty. If Jason Furr, Cox and Bost paid a certain sum of money to Widenhouse in payment of the goods taken and the money was paid only for the goods and Widenhouse never agreed with them not to prosecute them and did not agree to put an end to the prosecution already against them, then Widenhouse would not be guilty. If defendant Furr did not put an end to the prosecution against

Jason Furr, Cox and Bost in consideration of any money paid him and did not agree, in consideration of any money paid him, that he would not prosecute them for the crime charged, but honestly mistaking his duty in the matter made inquiries of the prosecuting witness and was honestly of the opinion that there was not sufficient evidence in the case to bind said Jason Furr, Cox and Bost to Court, and dismissed the case and taxed the prosecuting witness with the cost, he would not be guilty.

A motion in arrest of judgment was made on the following ground: "Because the indictment charges that Hiram Cox, Luther Bost and Jason Furr committed the felony which the defendants, M. M. Furr, Jason Furr, D. M. Widenhouse and others are now indicted for compounding but the State has failed to show that Hiram Cox, Luther Bost, or Jason Furr had committed the felony alleged to have been by them compounded with defendants, M. M. Furr and D. M. Widenhouse."

The motion was improper. Judgments can only be arrested in criminal cases where the defect appears upon the record proper. *State* v. *Potter*, 61 N. C., 338. There was, however, evidence tending to show that the defendant received a part of the money paid by the defendants, Jason Furr, Cox and Bost. D. M. Widenhouse testified that Jason Furr, Cox and Bost each paid $5.16⅔, each payment being one third of the value of the stolen goods and one third of the costs due to the magistrate, and there was evidence that the defendant got a part of that money. There was evidence of the larceny in the conduct of the defendants, Jason Furr, Cox and Bost. When charged with the larceny of the goods they voluntarily agreed to have them valued, the costs added, and paid the same, insisting that they should be discharged and the prosecution stopped. It is true that the

121—77

defendants, Jason Furr, Cox and Bost were under arrest under the warrant of the defendant, M. M. Furr, for the larceny of the goods but the evidence was received by the Court without objection by the defendant, M. M. Furr. It is true the defendant stated that at nine o'clock in the morning he informally examined the witnesses and found there was not enough testimony against them to bind them over to Court, but they were not discharged until three hours later, nor until the costs had been paid and the stolen goods paid for. In this interval, there was evidence going to show that Jason Furr, Cox and Bost together with the owner of the goods, were some hundred yards off talking over the compromise and adjustment and that the defendant knew what was going on. We find no error in the ruling of the Court in the matters complained of, nor in the judgment of the Court.

No error.