THE STATE OF NEW JERSEY v. JESSE R. LEEDS ET AL.

Argued February 18, 1902—Decided June 9, 1902.

An indictment for compounding a crime should distinctly aver that the crime charged to have been compounded had been committed, and should set it forth with such particularity as will enable the accused to make preparation for rebutting that element of the charge.

On motion to quash indictment.

Before Justices DIXON and COLLINS.

For the state, *Joseph E. P. Abbott,* prosecutor of the pleas.

For the defendants, *Clarence L. Cole.*

The opinion of the court was delivered by

DIXON, J.   The defendants move to quash an indictment which charges that they "did take money of the value of

twenty-five dollars from one P. C. I. upon an agreement to compound the crime of keeping a disorderly house, contrary," &c.

It is generally held that, to sustain an indictment for compounding a crime, it must be shown that the crime alleged to have been compounded had been committed. 1 *Hale P. C.* 619; 4 *Blacks. Com.* 133; *Whart. Crim. L.,* § 1559; *Brittin* v. *Chegary, Spenc.* 625; *Swope* v. *Jefferson Insurance Co.,* 93 *Pa. St.* 251.

In some states statutes have enlarged the scope of the offence, so as to include agreements to withhold or suppress accusations of crime; but there is nothing in our statute (*Pamph. L.* 1898, *p.* 794, § 19) indicating such a purpose.

The reason of the thing accords better with the common law, for it cannot be held that the public is injured by the refusal of a private person to present or prosecute a charge of crime, if in fact no crime has been perpetrated.

As the preceding crime is essential to the offence of compounding the crime, it should be distinctly averred in the indictment for compounding, and should be set forth with such particularity as will enable the accused to make preparation for rebutting the charge.

In this respect the indictment now before us is defective, and should be quashed.