THE STATE OF NEW JERSEY v. JAMES S. HANSON.

Submitted December 5, 1902—Decided February 24, 1903.

1. An indictment for compounding a crime must distinctly aver that the crime compounded has been committed.
2. The record of acquittal of the person charged with the crime compounded is at least *prima facie* evidence in favor of the person charged with compounding.
3. Whether, notwithstanding such acquittal, the state can be permitted to prove the guilt of the person acquitted, and whether it requires proof beyond a reasonable doubt or only a preponderance of evidence, it is not necessary to decide.
4. The defendant not having been convicted under the third count, no opinion is expressed in respect to the proper construction of the act of 1899 (*Pamph. L., p.* 214), which makes it a misdemeanor to commit any act for the perversion or obstruction of justice or the due administration of the laws.

On error.

Before GUMMERE, CHIEF JUSTICE, and Justices VAN SYCKEL, FORT and PITNEY.

For the state, *Frank T. Lloyd,* prosecutor of the pleas.

For the defendant, *Henry S. Scovel.*

The opinion of the court was delivered by

VAN SYCKEL, J.   The indictment contains four counts. The first count alleges that the defendant, well knowing that one Lensey was charged with the crime of larceny, did, in consideration of $25 to him paid by said Lensey, compound the said crime.

The second count alleges that the defendant agreed to compound said crime.

The fourth count alleges that the said defendant, well knowing that said Lensey was charged with the crime of larceny, did receive and accept of the sum of $25 paid him by said Lensey as a reward for compounding larceny and for procuring that the said Lensey should not be prosecuted for said crime.

The third count alleges that said Lensey was charged and complained against, on the oath of one Wilent, with the larceny of the goods of the New York Ship Building Company, and that said defendant, well knowing that fact, while said charge and complaint were still pending and undisposed of, did take from the said Lensey the sum of $25 upon an agreement with said Lensey that he, the said defendant, would fix up and suppress the said criminal charge so made against said Lensey, so that the same should not be presented to the grand jury or otherwise proceeded in.

In *State* v. *Leeds, 39 Vroom* 210, this court held that an indictment for compounding a crime should distinctly aver that the crime charged to have been compounded had been committed, and should set it forth with such particularity as will enable the accused to make preparation for rebutting that element of the charge.

If necessary to make such distinct averment, the averment must be proven to sustain a conviction.

No objection was made in the trial to the sufficiency of the indictment, but the trial court instructed the jury that it was not necessary to prove that Lensey had actually committed the crime of larceny.

The jury convicted the defendant of an attempt to compound a misdemeanor.

The rule as declared in the case of State *v.* Leeds must be accepted as the law of this court, and the charge was therefore erroneous.

The defendant offered in evidence the record of acquittal of Lensey of the said charge of larceny, which was overruled.

This record was at least *prima facie* evidence that the crime had not been committed. Whether it was subject to be rebutted by the state by proof that Lensey, although acquitted, had actually committed the crime imputed to him, and whether it was incumbent to prove that charge beyond a reasonable doubt or only by a preponderance of evidence, are questions not presented by this record. See *People* v. *Buckland,* 13 *Wend.* 592. *Rosc. Cr. Ev.* 404; *Regina* v. *Best,* 9 *Car. & P.* 368; 2 *Arch. Cr. L.* 1065; 2 *Whart. Cr. L.,* § 2595.

The third count appears to have been drawn by the pleader in view of the act of 1899 (*Pamph. L., p.* 214), which, among other things, provides that any person who "commits any act for the perversion or obstruction of justice or the due administration of the laws shall, on conviction, be deemed guilty of a conspiracy and be liable to the same penalty as persons convicted of a misdemeanor."

The defendant was not convicted under this count, and therefore no opinion is expressed as to its proper construction.

The judgment below should be reversed.