STATE v. JOSEPH HODGE.

(Filed December 4, 1906).

*Compounding a Felony—Form of Indictment.*

In an indictment for compounding a felony, it must be alleged that the felony has been committed by the person with whom the corrupt agreement is made.

INDICTMENT against Joseph Hodge, heard by *Judge M. H. Justice* and a jury, at the April Term, 1906, of the Superior Court of RUTHERFORD.

The defendant was tried and convicted upon an indictment in the following words, to-wit: "The jurors for the State, upon their oaths, present that Joseph Hodge, late of the county of Rutherford, on the 4th day of June, in the year of our Lord one thousand nine hundred and five, with force and arms, at and in the county aforesaid, did unlawfully, wilfully and feloniously compound a felony, to-wit: Did swear out a warrant before Squire H. S. Taylor, against Addie Yelton and William Yelton, charging them with the larceny of certain berries and cherries, and after they had been arrested on said warrant, and before they had their trial, proposed to said defendants and their friends, that if

they would pay him ten dollars ($10) and pay his lawyer five dollars ($5), that he would drop the matter and not appear against them. Said money was paid and said prosecution abandoned, against the form of the statute in such case made and provided, and against the peace and dignity of the State." Upon the rendition of the verdict defendant moved in arrest of judgment. Motion denied. Judgment, and appeal by defendant.

*Robert D. Gilmer, Attorney-General,* for the State.
*D. F. Morrow* for the defendant.

CONNOR, J., after stating the case: Defendant in this Court assigns several grounds for his motion for arresting the judgment. We have found no difficulty in disposing of all save one: that the indictment does not aver that the persons with whom he is charged with entering into the agreement and from whom he received the money as the consideration for "dropping the matter and not appearing as a witness," on the trial, were guilty of the larceny charged against them. We have given the question anxious and careful examination and find the authorities unsatisfactory and conflicting.

In the absence of any statute, in this State, defining the offense of compounding a felony, we are compelled to look to common-law sources. Our Reports disclose but one indictment for the offense, and from this we derive no aid in the solution of the question presented here. There was no motion presenting the question respecting the sufficiency of the indictment. *State v. Furr,* 121 N. C., 606. Blackstone (4 Com., 134), after discussing the crime of receiving stolen goods, knowing them to be stolen, and a kindred offense, says: "Of a nature somewhat similar to the two last is the offense of *theft bote,* which is, when a party robbed, not only knows the felon, but also takes his goods again, or other amends, upon

agreement not to prosecute. This is frequently called compounding a felony, and, formerly, was held to make a man an accessory, but is now punished by fine and imprisonment." Russell on Crimes, 194. Bishop defines the offense as "An agreement with the criminal not to prosecute him." Crim. Law, 648. "The offense committed by a person who, having been directly injured by a felony, agrees with the criminal that he will not prosecute him, on condition of the latter's making reparation or on receipt of a reward or bribe not to prosecute." Bl. Law Dict., 240; 8 Cyc., 492, where several definitions are given. There is no substantial difference in the definitions given by the writers on criminal law and in well-considered cases. All of them concur with Blackstone, that to constitute the crime the agreement must be to not prosecute the person guilty of the felony, or, as said in some cases, "the guilty person" or "the criminal."

It would seem that, in the light of the language uniformly used, there could be no doubt that before a conviction can be had it must be made to appear that a felony has been committed by the person with whom the corrupt agreement was made. In the indictment before us, the Solicitor charges that defendant "did unlawfully, wilfully, and feloniously compound a felony."

His Honor, following the decision of this Court in *State v. Furr, supra,* instructed the jury "that before they could convict they would have to find, beyond a reasonable doubt, that the Yeltons had committed a felony." The Editor of Cyc. (vol. 8, p. 495) says: "The actual commission of a preceding crime would seem to be essential to the offense of compounding the same, and, in the majority of jurisdictions, this is the view taken, although in some the rule is otherwise," citing *State v. Leeds,* 68 N. J. L., 210 (52 Alt., 288). *Dixon, J.,* says: "It is generally held that, to sustain an indictment for compounding a crime, it must be shown that the crime alleged to have been committed had been com-

mitted," citing 1 Hale P. C., 619, wherein it is said: "If A hath his goods stolen by B, if A receives his goods again simply, without any contract to favor him in his prosecution, or to forbear prosecution, this is lawful; but if he receives them upon agreement not to prosecute, or to prosecute faintly, this is *theft bote,* punishable by imprisonment and ransom, but yet it makes not A an accessory; but if he takes money to favor him, whereby he escapes, this makes him an accessory." *Judge Dixon* notes that in some States statutes have been enacted enlarging the scope of the offense, but he says: "The reason of the thing accords better with the common law, for it cannot be held that the public is injured by the refusal of a private person to present or prosecute a charge of crime, if, in fact, no crime has been perpetrated."

In *Swope v. Jefferson Fire Insurance Co.,* 93 Pa. St., 251, it is said: "The guilt of the party accused and the agreement not to prosecute are essential ingredients in the compounding of a felony." *Watt v. State,* 97 Ala., 72. In *State v. Henning,* 33 Ind., 189, an indictment for compounding a crime was held bad because it did not charge that the defendant had knowledge of the actual commission of the crime alleged to have been compounded. McClain treats the offense in connection with misprision of felony and accessories, as does Sir Matthew Hale, and in offenses of this class it is essential to show that a crime has been committed and that the felon is known to the defendant. Crim. Law, sec. 939. In *The Queen v. Burgess,* L. R., 1885, Q. B. Div., 141, the indictment charged the commission of the offense compounded, and that defendant "well knowing the said felony to have been done and committed by the said A. B.," etc. It was held in that case, *Coleridge, C. J.,* that the offense could be committed by one other than the owner of the goods.

The case of *Frilby v. State,* 42 Ohio St., 205, is cited as holding that in an indictment for compounding a felony it is not necessary to aver or show that crime has been committed.

The decision is based upon the language of the statute, which is much more comprehensive in its terms than the definition of the offense at common law. The Court treats the case as coming within the language of the statute and cites no authorities. We cannot regard the decision as controlling us in dealing with the common-law offense. We are not quite sure that we comprehend the import of the language in which the opinion concludes: "It is necessary to aver and prove that the prosecution was for what appeared by the charge to be a crime, but it is not necessary that the actual commission of such crime be either averred or proved." The statute includes "abandoning or agreeing to abandon any prosecution threatened or commenced for any crime or misdemeanor." If the charge was for the commission of the statutory offense, we can easily perceive the meaning of the language quoted. We conclude, therefore, that the common-law offense, as defined by all of the authorities, involves the charge that a felony had been committed and that the felon is known to the defendant. It would seem clear that this being an essential ingredient in the offense, it must be alleged in the indictment. In *Leed's case, supra,* it is said: "As the preceding crime is essential to the offense of compounding the crime, it should be distinctly averred in the indictment for compounding and should be set forth with such particularity as will enable the accused to make preparation for rebutting the charge." The precedents are uniform in this respect. 2 Wharton Prac., 895; Chitty Crim. Law, 221. An examination of the record in *State v. Furr, supra,* shows that the bill is drawn according to the precedents. *People v. Bryon,* 103 Cal., 675.

There is a class of offenses involving an obstruction of public justice in which it is held that it is not necessary to charge, or prove, the commission of the crime, the prosecution of which is interfered with. Persuading or inducing a witness not to attend Court, whether under subpœna or not, is indictable. Inducing one to absent himself from attending as a

witness, before a justice, in an examination of a charge for violating the criminal law, is a high-handed offense. Revisal, sec. 3696; *In re Young,* 137 N. C., 552. In *State v. Keyes,* 8 Vt., 57, it was held that it was not necessary to allege or show that the person against whom the witness would have testified was guilty. *State v. Carpenter,* 20 Vt., 9.

The form of the indictment for this offense is found in Chitty Crim. Law, 235. By Stat. 18 Eliz., it is made a misdemeanor to agree, for money, to compound or withdraw a suit for a penalty without the consent of the Court. Under this statute it is held that it is not necessary to allege or show the commission of the act for which the suit or prosecution is instituted. *Regina v. Best,* 38 Eng. Com. L., 159. It would seem that this statute is a part of the common law in force in this State. The case of *State v. Carver,* 69 N. H., 216, is not put upon that statute, although it is referred to in the opinion. In that case the indictment was in accordance with the precedents, except that after describing the offense in the concluding sentence of the bill, it is charged that defendant forbore to prosecute for "said supposed" offense. This was held sufficient.

A careful examination of every case at our command fails to discover any one in which an indictment is sustained which omits the averment that a crime had been committed. The judgment must be arrested.

It is but just to the learned Judge who tried the case to say that it does not appear that this objection was raised before him. As we have seen, he correctly instructed the jury. It may be well enough to suggest that the bill does not very clearly allege any agreement to forbear prosecution. It would conform more closely to the precedents to charge clearly the agreement which is the gist of the offense.

We also note that the indictment charges that defendant "proposed to said defendants and their friends," etc., whereas, the evidence was "that the father of the Yeltons, through his

friends, compromised the case," etc. It is not clear that this was not a variance, entitling the defendant to an acquittal on this indictment. For the reasons given, the motion in arrest must be allowed.

Judgment Arrested.