W. C. JONES and ED. STEELE et al. v. CITY OF HIGH POINT.

(Filed 2 November, 1910.)

1. **Objections and Exceptions—Evidence—Admissibility—Appeal and Error—Procedure.**

   Exceptions to the admissibility of evidence must be taken in apt time during the trial, and when the record discloses they were taken for the first time in grouping the exceptions on appeal under Rule 19 (2) they will not be considered.

2. Appeal and Error—Verdict—Set Aside—Evidence—Procedure.

> For the Supreme Court to consider an exception to refusal of the trial court to set a verdict aside for the lack of evidence to support it, the record must show that a motion in the lower court to that effect had been made and refused, before the case was submitted to the jury.

APPEAL by defendant from *W. J. Adams, J.,* at the June Term, 1910, of GUILFORD.

The facts are sufficiently stated in the opinion of the Court.

*King & Kimball* for plaintiff.
*W. P. Ragan* and *G. S. Bradshaw* for defendant.

CLARK, C. J. The exceptions are properly grouped at the end of the case on appeal as required by rule 19 (2). The first two exceptions are for refusal to exclude certain evidence from the jury. But the case on appeal, as settled by the judge, does not show that any exception was taken to the admission of such evidence, nor that any motion was afterwards made to withdraw the evidence from the jury, nor that such motion was refused. Exceptions to the evidence must be taken during the trial, in apt time. If not so taken, setting them out, as assignments of error, cannot avail anything. *Lowe v. Elliott,* 107 N. C., 720; *Patterson v. Mills,* 121 N. C., 268; *Wilson v. Lumber Co.,* 131 N. C., 163.

The fourth exception was that the court permitted the jury to consider the above evidence, but as there was no exception to its admission, nor motion to withdraw it from the jury or any prayer for instruction in regard to it, and it not being evidence that was made incompetent by statute, the defendant cannot raise this exception for the first time in his assignments of error. He seems to have been perfectly content with it, until after verdict.

The third exception is for "the refusal of the court to set aside the verdict because that it is not supported by the evidence." It does not appear that any motion to that effect was made and refused. Besides an allegation that a verdict is against the weight of evidence is a matter not reviewable on appeal. *Edwards v. Phifer,* 120 N. C., 406, and cases cited. And an

exception that there was no evidence cannot be considered unless a motion to that effect is made before the case is submitted to the jury. This has been held by a long line of decisions. *S. v. Wilson*, 121 N. C., 657; *S. v. Harris*, 120 N. C., 577, and numerous cases there cited. *S. v. Furr*, 121 N. C., 608; *Printing Co. v. Herbert*, 137 N. C., 319; *S. v. Holder*, 133 N. C., 712.

There being no errors upon the face of the record proper, the judgment is

Affirmed.