## HAYS *v.* THE STATE.

1. In the prosecution of one charged with a violation of Penal Code section 328, defining the offense of compounding a felony, in order to authorize the conviction of the accused it is essential to prove the actual commission of the felony charged to have been compounded.
2. Under an indictment in this State for aiding and abetting another in compounding a felony, by persuading the other to desist from the prosecution of one charged with felony, the venue is sufficiently proved where it is shown that after the abettor addressed the other in persuasive language, in another State, the person addressed consented to desist from the prosecution, and the two then repaired to the jurisdiction and executed a writing, agreeing to desist from the prosecution.

OCTOBER 13, 1914.

Certified questions; from Court of Appeals (Case 5717).

The Court of Appeals certified to the Supreme Court the following questions for decision:

"1. Under the provisions of section 328 of the Penal Code, defining the offense of compounding crime, is it essential that the actual commission of the preceding crime be established in order to authorize the conviction of one accused of a violation of that section? In this connection the attention of the Supreme Court is directed to the decisions in *Chandler* v. *Johnson, 39 Ga. 85, 89*

(cited in 6 Am. & Eng. Enc. Law (2d ed.), 492 (c), and note), and in *Rhodes* v. *Neal,* 64 *Ga.* 704, 706, with the request that this court be instructed whether the rule there stated applies in the trial of offenses defined in the said section of the Penal Code.

"2. Where the proof showed that the only persuasion or inducement used was employed in the State of Alabama, though the person so persuading or inducing accompanied the party whom he was charged with aiding and abetting to a point in this State, where the agreement to desist from the prosecution, which had previously been reduced to writing, was signed, was the offense committed in this State or in the State of Alabama?"

*Wesley Shropshire,* for plaintiff in error.

*W. H. Ennis, solicitor-general,* and *Walter B. Shaw,* contra.

ATKINSON, J. 1. Section 328 of the Penal Code, mentioned in the first question propounded by the Court of Appeals, is as follows: "If any person shall take or receive any money, goods, chattels, lands, or other reward, or promise to compound, or shall for any cause compound any crime or offense punishable with death or imprisonment and labor in the penitentiary, he shall be punished by imprisonment and labor in the penitentiary for not less than one year nor longer than five years." This was included in an act to reform, amend, and consolidate the penal laws of the State of Georgia, approved December 23, 1833 (Acts 1833, p. 143, div. 8, sec. 31, Cobb's Dig. 808). The expression "or promise to compound," employed in section 328 of the present Penal Code, was "on promise to compound," in the original act, and in Cobb's Digest. In each of the several codes, commencing with that adopted in 1861, which went into effect in 1863, the word "or" has been employed in lieu of the word "on," as employed in the original act; but this change arose, evidently, out of mere typographical error, and not from any intention to change the meaning of the act. We thus see that section 328 of the present Penal Code is to be applied as a statute and not merely as the common law. In adopting this statute the legislature undertook to define the offense of compounding a felony. It is a penal statute, and must be strictly construed. Several elements besides the punishment entered into the offense, which may be stated in the following order: (1) A crime punishable by death or imprisonment and labor in the penitentiary. (2) Taking or receiving "any money, goods, chattels, lands, or other reward, on promise to

38

compound" the crime. (3) Compounding the crime for any cause. Of these it is essential that there should be a crime punishable by death or imprisonment and labor in the penitentiary; but the element of compounding might consist of taking or receiving a reward on promise to compound the crime or by compounding the crime for any cause. There could be no compounding of a crime unless there was a crime to compound. The punishment prescribed for the offense is that which is imposed in cases of felony, and it is not likely that the legislature would have intended to visit such penalties upon any one for compounding where there was no felony, such as mentioned in the act, to compound. Under the above construction of section 328 of the present Penal Code, in order to convict one charged with the offense therein defined, it is essential to prove the antecedent crime. In this connection see 5 Standard Encyclopedia of Procedure, 189 et seq., under the caption Compounding Crime, and notes; also especially the following cases: State *v.* Leeds, 68 N. J. L. 210 (52 Atl. 288) ; State *v.* Hanson, 69 N. J. L. 42 (54 Atl. 841) ; State *v.* Hodge, 142 N. C. 665 (52 S. E. 626, 7 L. R. A. (N. S.) 709, 9 Ann. Cas. 563) ; State *v.* Henning, 33 Ind. 189; State *v.* Duhammel, 2 Harr. (Del.) 532; Commonwealth *v.* Pease, 16 Mass. 91; People *v.* Byron, 103 Cal. 675 (37 Pac. 534).

Section 328 differs materially from section 329 of the Penal Code, which also comes from the act of 1833, supra, and declares: "If any person, informing or prosecuting under the pretense of any penal law, shall compound with the offender, or direct the suit or information to be discontinued, unless it be by leave of the court where the same is pending, he shall be guilty of a misdemeanor."

The ruling above announced does not conflict with the decision in either *Chandler* v. *Johnson,* 39 *Ga.* 85, 89, or *Rhodes* v. *Neal,* 64 *Ga.* 704, 706 (37 Am. R. 93). In the former case the makers of a promissory note, when sued for the amount thereof, defended on the ground that the contract was void because it was given to suppress the threatened prosecution of a felony charged to have been committed in this State. In the latter case the suit was to recover a stated amount alleged to be due for services rendered in securing the consent of the prosecutor to the dismissal of certain criminal prosecutions in the State of Tennessee, wherein the defendant was charged with felony. In both cases the validity of the contract sued on was the question for decision. It was held, in effect, that con-

tracts which have for their object the suppression of prosecution for felony are against public policy and void, and the law thus announced was applied. Similar rulings were made in *Jones* v. *Dannenberg Co.*, 112 *Ga.* 426 (37 S. E. 729, 52 L. R. A. 271); *Deen* v. *Williams,* 128 *Ga.* 265 (57 S. E. 427). See also *Exchange National Bank* v. *Henderson,* 139 *Ga.* 260 (77 S. E. 36). But no such case as that now under consideration was for decision, and it was not intended to be held that a defendant might be convicted, in a prosecution under section 328 of the Penal Code, without proof of the antecedent crime.

2. The second question propounded by the Court of Appeals relates, not to the substance of the offense, but to the venue. If the parties entered into negotiations in Alabama, looking to the compounding of a felony committed in Georgia, and there consented to compound the felony, and, in furtherance of the agreement, proceeded to Georgia and signed a written agreement purporting and intended to carry into effect the previous parol understanding, this would be such a compounding of the felony in Georgia as would render the offender indictable in this State.

*All the Justices concur.*