## 5717. HAYS v. THE STATE.

WADE, J. 1. Where one is charged with aiding and abetting in procuring the promise of another to compound a felony, and also with aiding and abetting another to compound a felony, by inducing such other person to enter into a written agreement never to appear as a witness against the party indicted for the felony, or suffer him to be tried for the offense named in the indictment, and no consideration is mentioned in the written agreement, the actual agreement may be inquired into.

2. A contract to suppress a criminal prosecution, for a consideration personal to the prosecutor, is immoral and contrary to public policy. *Deen v. Williams,* 128 *Ga.* 265 (57 S. E. 427); 8 Cyc. 496; Penal Code, § 328. It is not necessary that the consideration shall accrue to the defendant. It may be for the benefit of another.

3. The question as to venue in this case was certified to the Supreme Court, and that court gave the following instruction: "If the parties entered into negotiations in Alabama, looking to the compounding of a felony committed in Georgia, and there consented to compound the felony, and, in furtherance of the agreement, proceeded to Georgia and signed a written agreement purporting and intended to carry into effect the previous parol understanding, this would be such a compounding of the felony in Georgia as would render the offender indictable in this State." *Hays* v. *State,* 142 *Ga.* 592 (83 S. E. 236).

4. In a prosecution for the offense of compounding a felony it is immaterial that the compounding was done, attempted, aided, or abetted in good faith by the parties concerned. 8 Cyc. 493-4; Windhill Local Board of Health *v.* Vint, 45 Chancery Div. 351; 59 L. J. Ch. 608, 63 L. T. Rep. (N. S.) 366.

5. Where there was evidence that when negotiations were pending for the settlement of a felony charge by a woman against her father, in consideration of the settlement of a felony charge by another person against her husband, the husband said to her that the best thing they could do would be to settle the charge against her father, and she thereupon agreed to do so, and the husband brought her to the home of an officer, and there united with her in signing an agreement to suppress the prosecution against her father, the evidence was sufficient to show a consideration for the agreement, and to establish the charge against the husband of aiding and abetting in procuring the signing of the agreement.

6. "The actual commission of a preceding crime would seem to be essential to the offense of compounding the same, and in the majority of jurisdictions this is the view taken, although in some the rule is otherwise." 8 Cyc. 495. In Georgia, under the decision of the Supreme Court in the instant case, in response to a request of this court for instruction, it is essential to prove the actual commission of the felony charged to have been compounded. *Hays* v. *State*, supra. There was no evidence in this case tending to establish the commission of the antecedent crime, the compounding of which the defendant was charged with aiding and abetting; and hence, under the ruling of the Supreme Court, the conviction can not stand. *Judgment reversed. Broyles, J., not presiding.*
DECIDED NOVEMBER 17, 1914.

Indictment for compounding felony; from Chattooga superior court—Judge Wright. April 21, 1914.

*Wesley Shropshire,* for plaintiff in error.

*W. H. Ennis, solicitor-general,* contra.