## SHEPPARD *v.* THE STATE.

1. In an indictment under the Penal Code, § 329, which declares: "If any person, informing or prosecuting under pretense of any penal law, shall compound with the offender, or direct the suit or information to be discontinued, unless it be by leave of the court where the same is pending, he shall be guilty of a misdemeanor," it is not necessary to allege the essential elements of the pretended offense.

2. Evidence that the defendant caused one to be arrested by an officer under pretense of his having committed an offense, and compounded with such person for a consideration without any proceeding in court, is insufficient to support a conviction under the statute quoted in the preceding note.

         No. 1863. JANUARY 14, 1921.

The Court of Appeals (in Case No. 10997) certified the following questions for decision as necessary to a proper determination of the case: "The indictment in this case charged the defendant with the commission of a misdemeanor, and was drawn under section 329 of the Penal Code of 1910. That section is as follows: 'If any person, informing or prosecuting under pretense of any penal law, shall compound with the offender, or direct the suit or information to be discontinued, unless it be by leave of the court where the same is pending, he shall be guilty of a misdemeanor.' The indictment charged that the defendant, 'in the County of Tattnall and State of Georgia, aforesaid, on the 3rd day of January, in the year of our Lord one thousand nine hun-

dred and sixteen, with force and arms, did, after prosecuting un-
der pretense of the penal law one B. M. Griner for the offense of
larceny from the house, did compound with the offender, the said
B. M. Griner, for the consideration of the sum of one hundred
dollars in money, of the value of one hundred dollars, paid to the
said C. O. Sheppard [the defendant] by him, the said B. M.
Griner, did direct the information to discontinue, and did com-
pound with him the said offender, the said B. M. Griner, for the
consideration of the said sum of one hundred dollars, not to pros-
ecute said B. M. Griner for the offense of larceny from the house,
and did by threats of a prosecution against the said B. M. Griner
cause the said B. M. Griner to pay to the said C. O. Sheppard the
sum of one hundred dollars not to prosecute the said B. M. Griner
for the offense of larceny from the house as aforesaid, and, after
so compounding with the said B. M. Griner aforesaid, did fail
and refuse to prosecute the said B. M. Griner for the offense of
larceny from the house as aforesaid, contrary to the laws of said
State, the good order, peace, and dignity thereof.' The indict-
ment was demurred to, on the ground that the crime alleged to
have been compounded 'is not set out with sufficient clearness
to enable the defendant to prepare his defense; that he is charged
with having compounded the crime of larceny from the house,
and the date of said larceny from the house does not appear in
the indictment; that it is not alleged in the indictment the
description of the goods that were taken from the house, nor what
house they were taken from; that it does not appear in the in-
dictment of what value the goods were; that the ownership of
said goods and said house does not appear in said indictment.'
Was the indictment subject to the demurrer?

" 2. A storekeeper accused another of stealing seven apples, of
value of fifteen cents, from his store, had him arrested without
a warrant, and subsequently agreed not to prosecute him, provided
the alleged thief paid him one hundred dollars, which was done.
The storekeeper was convicted of compounding a penalty, under
section 329 of the Penal Code of 1910. Was the conviction un-
lawful because at the time of the compounding and the agreement
not to prosecute there was no warrant, information, accusation, or
indictment against the alleged thief pending in any court; or be-
cause the indictment in one place alleged that the defendant,

' after prosecuting . ., did direct the information to discontinue,' when the evidence showed no prosecution except the arrest, and no ' information,' nor any direction to discontinue the same? "

*Elders & DeLoach,* for plaintiff in error.

*J. Saxton Daniel, solicitor-general,* contra.

ATKINSON, J. 1. In the Penal Code of this State, which has the force of statutory law, there are two separate provisions on the subject of compounding. Penal Code, §§ 328, 329. In § 328 it is declared: " If any person shall take or receive any money, goods, chattels, lands, or other reward, or promise to compound, or shall for any cause compound any crime or offense punishable with death or imprisonment and labor in the penitentiary, he shall be punished by imprisonment and labor in the penitentiary for not less than one year nor longer than five years." This law relates to the compounding of felonies, and the punishment of such compounding is for a felony. By the language of the statute, the offense is completed by compounding a felony, whether or not there was any prosecution. It has been held that in a prosecution based upon this statute it is necessary to prove the actual perpetration of a felony alleged to have been compounded. *Hays* v. *State,* 142 *Ga.* 592 (83 S. E. 236). The language of the other provision (§ 329) is different, as will readily appear from its verbiage: " If any person, informing or prosecuting under pretense of any penal law, shall compound with the offender, or direct the suit or information to be discontinued, unless it be by leave of the court where the same is pending, he shall be guilty of a misdemeanor." It will be observed that this law provides that compounding in violation of its terms shall be a misdemeanor. The word " crime " is not mentioned; and it could not refer to the compounding of a felony that had been actually committed, because such a construction would cause the statute to be in conflict with § 328, which makes it a felony to compound felonies. The words, " informing or prosecuting under pretense of any penal law," are employed. This language was employed in our first statute on the subject. Penal Code of 1833, § 32; Cobb's Digest, 808. " Pretense " as here employed is used in its offensive sense, as " that which is advanced or displayed for the purpose of concealing the reality; . . a ruse or wile masking ulterior design." Standard Dictionary. The use of this word denotes an intention to punish a person

for informing or prosecuting another under "pretense" that such other has committed an offense for which he might be prosecuted, when in fact such person has not commited any offense; the thing thus condemned is in the nature of a fraud, and is punished as for a misdemeanor. The prosecution contemplated is a prosecution in a court which would have jurisdiction to try the pretended offender, and which would have authority to allow the parties to compound the pretended offense. This is manifest from the use of the language, "unless it be by leave of the court where the same is pending." Thus construed, § 329 means that if any person informing or prosecuting under pretense of any penal law, after the commencement of a prosecution in a court having jurisdiction of the pretended offense, shall compound with the alleged offender or direct a suit or information to be discontinued, without leave of the court, he shall be guilty of a misdemeanor. As the offense consists of compounding, without consent of the court, with the person prosecuted for a pretended offense, it follows that in such cases it would not be necessary to charge and prove specifically the elements necessary to make the pretended offense. The indictment was not subject to the demurrer.

2. The statute, being a penal law, is to be strictly construed. As indicated in the preceding division, it is an essential part of the offense that there must have been a prosecution of the pretended offense in a court which would have had jurisdiction to try the pretended offender and to grant leave to the parties to compound it. Evidence that the defendant caused an officer of the law to arrest the pretended offender without a warrant on a charge of larceny alleged to have been committed out of the presence of the officer, and compounded the offense without any further steps toward a prosecution in the court having jurisdiction of such alleged offense, would not support a verdict of guilty.

*All the Justices concur.*