### IRA DAVIDSON v. STATE.

No. A-4629.   Opinion Filed Jan. 17, 1925.
(232 Pac. 120.)

(Syllabus.)

**Compounding Felony—Commission of Preceding Crime Essential to Offense—Necessary to Allege and Prove.** The actual commission of a preceding crime is essential to the offense of compounding same; and in order to convict it is necessary to allege and prove the antecedent crime.

Appeal from Superior Court, Pottawatomie County; L. G. Pitman, Judge.

Ira Davidson was convicted of compounding crime, and sentenced to serve a term of six months' imprisonment in the state penitentiary, and appeals. Reversed.

Abernathy & Howell and Lydick & Arrington, for plaintiff in error.

George F. Short, Atty. Gen., and J. Roy Orr, Asst. Atty. Gen., for the State.

EDWARDS, J. This action was commenced in the superior court of Pottawatomie county by filing an information charging the plaintiff in error with the crime of compounding a felony under section 1674 of the Compiled Laws of 1921, the charging part of which information is as follows:

"The said Ira Davidson, then and there being a public official, to wit, a qualified and acting constable within and for Pottawatomie county, Okla., and having knowledge of the commission of a public offense theretofore having been committed on or about the 20th day of October, 1920, by one Ben Smith, wherein the said Ben Smith unlawfully, fraudulently, and feloniously obtained money, to wit, $16, from one J. M. Way by means and use of a bogus check, said public offense then and there constituting a felony, for which said offense the said Ben Smith was then and there liable for prosecution under the criminal laws of the state of Oklahoma; that the said Ira Davidson then and there well knew that the said offense had theretofore been committed and was then and there unprosecuted; that the said Ira Davidson did then and there unlawfully, willfully, intentionally, and feloniously take and receive money and rewards, and receive promises of rewards in the amount of $16, from one Mrs. D. A. Smith, and J. M. Way upon an agreement and understanding by and between him, the said Ira Davidson, Mrs. D. A. Smith, and J. M. Way that he, the said Ira Davidson, would conceal the offense from the county attorney, and abstain from the prosecution of the said

Ben Smith, and would withhold evidence of the said offense from the county attorney in consideration thereof, contrary," etc.

The section of the statute on which the prosecution is based reads:

"Any person who, having knowledge of the actual commission of a crime or violation of statute, takes any money or property of another, or any gratuity or reward, or any engagement or promise therefor, upon any agreement or understanding, express or implied, to compound or conceal such crime or violation of statute, or to abstain from any prosecution therefor, or to withhold any evidence thereof, is punishable as follows. * * *"

At the conclusion of the evidence the plaintiff in error requested this instruction:

"You are further instructed that you must find beyond a reasonable doubt that Ben Smith did on or about the 18th day of October, 1920, give to one J. M. Way a certain false or bogus check with the intent to cheat and defraud the said J. M. Way and did obtain or attempt to obtain from the said J. M. Way money or property or valuable thing, and, unless you so find, your verdict must be for the defendant,"

—which request was by the court refused and exceptions allowed. The refusal was duly assigned as error in the motion for new trial and in the petition in error. The proposition of law contained in the requested instruction was not covered by any other charge of the court.

It seems to us to be self-evident that before any person can have knowledge of the actual commission of a crime, or can compound the same as defined by the statute, above quoted, that it is essential that there must have been committed a crime to compound, and in order to convict one charged with such offense it is in like manner necessary to prove the antecedent crime. State v. Leeds, 68 N. J. Law, 210, 52 A. 288; Hays v. State, 142 Ga. 592, 83 S. E. 236, 7 L. R. A. (N. S.) note at page 709; 8 Cyc. 495.

This court has not heretofore passed on this question, but, where it was sought to charge a defendant with the crime of aiding a felon, held it necessary to allege the antecedent crime. Huckaby v. State, 22 Okla. Cr. 376, 211 P. 525.

By analogy that case is in point here, and it would follow that, if it was necessary to allege the antecedent crime, it would likewise be necessary to prove the same.

Other points are raised, but it is not necessary to pass on them here. The refusal of the trial court to give an instruction embodying, in substance, the request of the plaintiff in error constituted reversible error. The judgment of the trial court is therefore reversed.

BESSEY, P. J., and DOYLE, J., concur.