No. 34,943

THE STATE OF KANSAS, *Appellant*, v. JAMES W. ROSS, *Appellee*.

(105 P. 2d 879)

Opinion filed October 5, 1940.

*Jay S. Parker*, attorney general, *A. B. Mitchell, Morton B. Cole*, assistant attorneys general, *Paul L. Harvey*, county attorney, and *Ward D. Martin*, assistant county attorney, for the appellant.

*Edward Rooney, Jacob A. Dickinson, Edward Rooney, Jr.*, and *Edwin Lael Alkire*, all of Topeka, for the appellee.

The opinion of the court was delivered by

DAWSON, C. J.: This is an appeal from a judgment sustaining defendant's motion to quash an information charging him in thirty-two counts with the felony of collecting moneys upon an understanding and agreement that he would compound and conceal violations of the liquor and gambling statutes and withhold evidence thereof.

The *first* count of the information alleged that pursuant to such criminal agreement defendant collected $200 of the money of one Yocum, a persistent violator of the prohibitory liquor law. The *second* count was similar to the first except that the alleged persistent violators from whom defendant collected the money were two persons named Williams, partners. The *third* count alleged a similar crime against defendant in the collection of $150 from one Johnson. The

*fourth* count alleged defendant's commission of a similar offense in the collection of $135 from one Schmit. The *twelfth* count was like the *first*, except as to date and amount collected, $100.

All the other counts except the *fifth* to the *eleventh*, inclusive, were of the same general tenor except as to dates, amounts collected, and the names of the alleged violators of the prohibitory law who paid specified sums to defendant on his agreement to compound and conceal violations of the prohibitory law.

Seven of the counts, numbered *fifth* to *eleventh*, inclusive, were of similar import except that the felonies to be compounded and concealed by defendant pertained to gaming instead of infractions of the liquor laws.

The material allegations of the *first* and *fifth* counts of the information read:

### "FIRST COUNT

". . . that James W. Ross, at the county of Shawnee, in the state of Kansas aforesaid, and within the jurisdiction of this court, on the —— day of September, A. D. 1938, did unlawfully, feloniously and willfully, having a knowledge of the actual commission of an offense punishable by confinement at hard labor, did take $200, the money of Anderson Yocum upon agreements and understanding, express and implied, to compound and conceal such crime and to withhold any evidence thereof, the crime of which James W. Ross did have such knowledge being the violation by Anderson Yocum of the prohibitory liquor law, Anderson Yocum then being a persistent violator of said law, as defined in section 21-2146 of the General Statutes of Kansas, 1935, contrary to the form of the statutes," etc.

### "FIFTH COUNT

". . . that James W. Ross at the county of Shawnee, in the state of Kansas aforesaid, and within the jurisdiction of this court on the —— day of September, A. D. 1939, did unlawfully, feloniously and willfully, having a knowledge of the actual commission of an offense punishable by confinement at hard labor, did take $50, the money of C. S. Swendson, upon agreement and understanding, express and implied, to compound and conceal such crime and to withhold any evidence thereof, the crime of which James W. Ross did have such knowledge, being the crime of keeping a room at 708 Kansas avenue, Topeka, Kan., to be used as a place for playing games of cards for money and property, as defined in section 21-915, General Statutes of Kansas, 1935, contrary to the form of the statutes," etc.

The statute under which the foregoing counts of the information were drawn reads thus:

"Every person having a knowledge of the actual commission of any offense punishable by death, or by confinement and hard labor, who shall take any

money or property of another, or any gratuity or reward, or any promise, undertaking or engagement therefor, upon agreement or understanding, express or implied, to compound or conceal such crime, or to abstain from any prosecution thereof, or withhold any evidence thereof, shall upon conviction be punished by confinement and hard labor for a term not exceeding five years." (G. S. 1935, 21-714.)

The statute referred to in the *fifth* count of the information relating to the antecedent crime which defendant was alleged to have agreed to compound and conceal, reads thus:

"Every person who shall set up or keep any table or gambling device commonly called ABC, faro bank, EO, roulette, equality, keno, wheel of fortune, or any kind of gambling table or gambling device, adapted, devised and designed for the purpose of playing any game of chance for money or property, or shall induce, entice or permit any person to bet or play at or upon any such gaming table or gambling device, or at or upon any game played at or by means of such table or gambling device, either on the side of or against the keeper thereof, or shall keep a place or room to be used as a place for playing any game of cards for money or property, or keep a common gaming house, or keep a house, room or place to which persons are accustomed to resort for the purpose of gambling, shall on conviction be adjudged guilty of a felony, and punished by imprisonment and hard labor for a term not less than one year nor more than five years." (G. S. 1935, 21-915.)

Defendant filed motions to quash the information on the ground that in none of the counts was the antecedent crime which defendant allegedly had agreed to compound and conceal sufficiently and definitely pleaded, and that none of them stated a criminal offense with sufficient particularity so that defendant could prepare his defense thereto. These motions were sustained and the state has brought the record here for our review.

Touching the essential requisites of a criminal charge the constitution declares that the accused shall be allowed "to demand the nature and cause of the accusation against him." (Bill of Rights, § 10.) The criminal code likewise declares that the information must contain "a statement of the facts constituting the offense," and "must be direct and certain as it regards the party and the offense charged." (G. S. 1935, 62-1004, 62-1005.) These simple rules of procedure in criminal cases have many times been applied by this court. In *State v. Blaser*, 138 Kan. 447, 26 P. 2d 593, the action was a criminal prosecution charging defendants with a violation of the statute which forbids any public officer or official board to employ laborers at less than the current per diem wages in the locality. Among various objections to the sufficiency of the information was

one that it was so indefinite that defendants could not prepare their defense thereto. This court sustained that objection, saying:

"Which of these are defendants charged with paying less than the current rate of per diem wages? What does the prosecution contend was the current rate of per diem wages for such persons, and what was paid by defendant? These are not stated in the information. How were defendants to know what specific charge was made against them? It is fundamental that an information should charge an offense with such certainty that the defendant may know the offense with which he is charged with such certainty as to prepare to meet it. The information in this case does not do that." (p. 456.)

The two cases cited by counsel for the state for our instruction are bribery cases where the defendant was a public official, a policeman. (*People v. Markham,* 64 Cal. 157, 30 Pac. 620; *People v. Duffy,* 160 N. Y. App. Div. 385, Id. 145 N. Y. S. 699.) We have perused these cases diligently, but they do not aid us in surmounting the objections to the sufficiency of the information raised by defendant and sustained by the trial court. In the California case the sufficiency of the information was a minor question which the court held could not be raised by demurrer. In the New York case the sufficiency of the information was not at all in question.

Some want of particularity in respect to mere details of the antecedent crimes, the compounding and concealing of which is the gist of the offense charged, may be excused, as where the prosecutor does not know the names of the perpetrators of the antecedent crimes, but in any such case good pleading would seem to require an allegation to that effect, as suggested in *State v. Tilney,* 38 Kan. 714, 716, 17 Pac. 606, and in *State v. Ferron,* 122 Kan. 845, 848, 253 Pac. 402.

By G. S. 1935, 21-716, the statute provides that in a prosecution for compounding or concealing an antecedent crime, it is not necessary that a *conviction* of the offender of such crime be alleged or proved; but surely the facts of such antecedent crime must be set forth in the information so that the defendant may know what antecedent crime he is alleged to have compounded and prepare his defense thereto. In count 1 of the information we have before us it is alleged that defendant made an agreement to compound and conceal some offense against the prohibitory law. With whom was that agreement made? The information does not state, nor is it stated that the prosecutor does not know. It was the money of Anderson Yocum, a persistent violator of the prohibitory law, which was paid to defendant, but it is not alleged that it was to compound and conceal an offense committed by Yocum that the money was paid

to defendant. Moreover, the information does not state whether it was an illegal sale, illegal possession, the keeping of a liquor nuisance, or the unlawful manufacture of intoxicants which was the offense to be compounded or concealed. Nor does the information state when such antecedent offense—whatever it was—was committed which defendant Ross agreed to compound and conceal for $200? The alleged agreement between Ross and some unnamed person to compound and conceal the unstated antecedent crime was "express or implied," says the information. Such an allegation is quite unfair to defendant. If it was express, the information should say so; if it was implied, it should so allege. If the prosecutor is uncertain, he is privileged to charge the offense in alternate counts and abide the developments of the evidence before he is put to his election, according to the familiar practice in not dissimilar cases.

The counts pertaining to the acceptance of hush moneys from Swendson to compound and conceal the commission of gambling offenses are open to substantially the same objections as those which inhere in counts 1 to 4, inclusive, and in count 12. Defendant Ross is alleged to have accepted Swendson's money pursuant to an agreement with whom? The information does not state. Ross agreed to compound and conceal the offense of keeping a place for playing games of cards for money or property in violation of G. S. 1935, 21-915. Who kept such gambling place? It is not alleged, not even by the convenient cognomen of "John Doe," nor that the prosecutor cannot give his name or describe him. When was that gambling place kept at 708 Kansas avenue? The information does not state. It ought to be perfectly clear that defendant would find it utterly impossible to prepare a defense to such an indefinite accusation.

In *State v. Leeds*, 68 N. J. L. 210, 52 Atl. 288, an indictment for compounding a crime charged that defendants "did take money of the value of twenty-five dollars from one P. C. I. upon an agreement to compound the crime of keeping a disorderly house, contrary," etc. The court quashed the indictment, holding—

"An indictment for compounding a crime should distinctly aver that the crime charged to have been compounded had been committed, and should set it forth with such particularity as will enable the accused to make preparation for rebutting that element of the charge."

In the opinion it was said:

"It is generally held that, to sustain an indictment for compounding a crime, it must be shown that the crime alleged to have been compounded had been

committed. . . . As the preceding crime is essential to the offense of compounding the crime, it should be distinctly averred in the indictment for compounding, and should be set forth with such particularity as will enable the accused to make preparation for rebutting the charge." (p. 211.)

In *Hays v. State*, 142 Ga. 592, 83 S. C. 236, the court of appeals of Georgia certified the following question to the supreme court:

"1. Under the provisions of section 328 of the penal code, defining the offense of compounding crime, is it essential that the actual commission of the preceding crime be established in order to authorize the conviction of one accused of a violation of that section?"

The supreme court held that—

"In the prosecution of one charged with a violation of penal code section 328, defining the offense of compounding a felony, in order to authorize the conviction of the accused it is essential to prove the actual commission of the felony charged to have been compounded." (Syl. ¶ 1.)

In *Davidson v. State*, 29 Okla. Crim. Rep. 46, 232 Pac. 120, it was held:

"The actual commission of a preceding crime is essential to the offense of compounding same; and in order to convict it is necessary to allege and prove the antecedent crime."

See, also, *State v. Hodge*, 142 N. C. 665, 55 S. E. 626, 7 L. R. A., n. s., 709; Underhill's Criminal Evidence, 4th ed., § 722; 15 C. J. S. 707; Archbold's Crim. Pl. and Pr. (27th ed.), 1213-1218. At odds with the foregoing prevailing rule to which we adhere is *State v. Carver*, 69 N. H. 216, 39 Atl. 973.

The judgment is affirmed.

HARVEY, J., not sitting.