*neys*, for appellee.

74858. THE STATE v. REESE.

(361 SE2d 507)

BIRDSONG, Chief Judge.

The State appeals from the judgment of the trial court granting defendant Charles J. Reese's motion to dismiss the accusation against him which alleged the compounding of a crime. Reese was a security guard at K-Mart in Dublin, Georgia, when he swore out a warrant against Gloria Bostic, alleging she had committed a shoplifting offense. Ms. Bostic's case was scheduled for trial and the court appointed the public defender to represent her. K-Mart terminated Reese as a security guard and he contacted Bostic and asked her if she would be interested in having the shoplifting charge dropped. Ms. Bostic said that Reese told her he would drop the warrant if she would pay him $100. Ms. Bostic agreed and advised her appointed counsel who informed the office of the District Attorney. On November 25, 1985, the police placed a "body bug" and recording device on Ms. Bostic and she was given $50 in marked money to give to Reese. Ms. Bostic met with Reese, gave him the $50, and he agreed to accept the money and said he would have the warrant dropped. Reese was arrested and searched and the marked money removed from his right front trouser's pocket.

Defendant's counsel filed a motion to dismiss on November 19, 1986, alleging the shoplifting charge against Ms. Bostic had been nolle prossed on March 10, 1986, for insufficiency of evidence. The record discloses that the District Attorney filed an Order of Nolle Prosequi, which was signed by the trial court in which it was stated "that there is insufficient evidence for prosecution. . . ."

The trial court, following disclosure of the nolle prosequi of Ms. Bostic's case, held "there is no crime to be compounded" and dismissed the accusation. The State appeals. *Held*:

The criminal offense of compounding a crime is defined as occurring when "after institution of criminal proceedings and without leave of the court or of the prosecuting attorney of the court where the criminal proceedings are pending, he accepts or agrees to accept any benefit in consideration of a promise, express or implied, not to prosecute or aid in the prosecution of a criminal offense." OCGA § 16-10-90 (a). This is a penal statute and as such must be strictly construed, although there are few cases construing this statute. Both counsel have cited but one case, *Hays v. State*, 142 Ga. 592 (83 SE 236). *Hays* held that "[t]here could be no compounding of a crime unless there was a crime to compound." 142 Ga. 594. We have no disagreement

with this holding, but the trial court applied this rule in deciding defendant's motion to dismiss as of December 20, 1986, whereas this offense occurred on November 25, 1985, when the charge against Ms. Bostic had been instituted and was then pending. Our statute requires no more.

" 'Compounding a public offense, felony or misdemeanor, is essentially immoral, not malum prohibitum, but malum in se; proceeding upon "a wicked consideration"; "to gild over and conceal the truth." ' " (Emphasis deleted.) *Jones v. Dannenberg Co.*, 112 Ga. 426, 431 (37 SE 729). The offense is complete when all the elements are present, and all elements were present on November 25, 1985. See *Rhodes v. Neal*, 64 Ga. 704, 706; *Chandler v. Johnson*, 39 Ga. 85, 89.

The offense of compounding a crime is separate and apart from the underlying offense, and is not, per se, based upon the *successful prosecution* of the offense attempted to be compounded. See generally 15A AmJur2d 767-768, Compounding Crimes, §§ 1-2; 15A CJS 158-159, Compounding Offenses, §§ 1-2. This is a statutory offense, and all that the statute requires is *"institution of criminal proceedings and* without leave of the court or of the prosecuting attorney of the court where *the criminal proceedings are pending*, he accepts or agrees to accept any benefit . . . express or implied; not to prosecute or aid in the prosecution of a criminal offense." (Emphasis supplied.) OCGA § 16-10-90 (a). The crucial date is the date of the consummated agreement to conceal the crime, or abstain from prosecution, or to withhold evidence. If, on that date, the underlying criminal proceedings have been instituted, and are then pending, and the unlawful agreement is reached, the offense is complete. The significant date of the case sub judice was November 25, 1985, a time at which the action was still pending. Cf. *Smith v. State*, 248 Ga. 828 (3) (286 SE2d 709); cf. *Flakes v. State*, 243 Ga. 699 (3) (256 SE2d 379); *Love v. Hardison*, 166 Ga. App. 677 (1) (305 SE2d 420); *Todd v. State*, 163 Ga. App. 814 (1) (294 SE2d 714).

The nolle prosequi of the shoplifting charge following the date of commission of the compounding offense does not relate back to decriminalize defendant's delicts on that date, nor does *Hays v. State* demand a different result. On the date alleged as the date of the compounding crime, the criminal charge of shoplifting was in existence and was then pending trial. Successful prosecution is not required for that crime, for it is obvious that where the individual compounding the underlying offense is the principal or only witness against the accused, and that individual is charged with compounding the underlying criminal offense, the possibility of successfully prosecuting the person charged with the underlying offense is non-existent.

The trial court erred in dismissing the accusation.

*Judgment reversed. Deen, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 9, 1987 —
REHEARING DISMISSED OCTOBER 1, 1987.

*Beverly B. Hayes, District Attorney, Edwin J. Wilson, Assistant District Attorney*, for appellant.
*M. V. Booker*, for appellee.