Carpenter J.
delivered the opinion of the court.
This case comes up unaccompanied by any statement of the facts proved at the trial in support of the defence set up by the defendant; our inquiry therefore is simply as to the abstract propriety of the charge of the judge to the jury, upon the points excepted to. The point pressed on the argument, and it appears to me to be the only point really brought into question, is in relation to what constitutes the offence of compounding a felony, or other criminal offence; in the present case, what constitutes the offence of compounding the crime of forgery. I see nothing in the charge, standing by itself, as to the kind and character of the evidence necessary to prove the offence, calculated to mislead the jury. We cannot admit the possibility of the jury having been misled by its application to supposed facts, of which we know nothing; and to which therefore we cannot apply the remarks of the judge. We cannot advise the setting aside the verdict upon mere conjecture, but only on account of some obvious error in the charge, by which the rights of the defendant have been infringed. I see no ground therefore on which to set aside the verdict, unless there be some error in the doctrine of the charge as to what constitutes the offence.
In relation to this point, I apprehend, the charge is substantially correct. An agreement not to prosecute, or in some other way to favor or protect the criminal, is an essential ingredient in the offence of compounding crime. The bare taking of one’s own goods again, which have been stolen, or other amends, is no *633 offence at all, unless some favour be shown to the thief; otherwise it is, if he receive them on an agreement not to prosecute. 4 Bl. Com. 133; 1 Hawkins by Carwood, 73; 1 Hale’s P. C. 546, 619. The application of this principle, to the case, where amends have been made to the person injured by a forged bill or other security, is obvious; the substitution of a good bill for a forged bill, or the payment of the forged bill, if unaccompanied by any stipulation to suppress evidence or to stifle a prosecution, has never been held to be unlawful. No case has been produced, and I suppose no case can be produced, in which such substitution or payment, independent of any agreement to conceal the offence or to forbear a prosecution, has been held to avoid the subsequent security so received; or to expose the person receiving such security or payment, to the penalties incident to misprision of felony. Wallace v. Hardacre, 1 Camp. 45, and Ward v. Allen, 2 Metcalf, 53, are express authorities to the contrary. Without going farther than is necessary for the decision of this cause, it is now sufficient to say, that the mere substitution of a note in the place of a prior note alleged to have been forged, independent of proof, express or inferential, of a corrupt agreement, will not invalidate the subsequent security. The case seems to me to have been fairly pot to the jury, and I am of the opinion that the Circuit Court should bo advised to render judgment for the plaintiff in accordance with the verdict.
Circuit Court advised to render judgment on the verdict.
Nkvtus and Whitehead, J. J. not having heard the argument, expressed no opinion.