THE STATE, DEFENDANT IN ERROR, v. MATTHEW JEFF-
ERSON, PLAINTIFF IN ERROR.

Argued November 5, 1915—Decided March 9, 1916.

1. Plaintiff in error was convicted upon an indictment for mal-
feasance in office as prosecutor of the pleas, the malfeasance
charged being that as such officer, knowing of violations of the
law against gambling, he took money not to prosecute the
offenders. The conviction is attacked on the ground that the
indictment charged the crime of "compounding" a misdemeanor,
and that the corrupt agreement that is the essence of that com-
mon law crime was not proved. An examination of the indict-
ment discloses that the word "compound," which was used as
synonymous with suppress, was not used in charging the offence,
and, therefore, that the duty of proving that the crime of com-
pounding had been committed by the defendant was not imposed
upon the state.
2. A motion made in arrest of judgment, based upon the allegation
that the defendant "could not legally be indicted and tried until
there had been impeachment proceedings" was rightly denied, for,
assuming that the constitution forbids sentence of imprisonment
before impeachment, there was nothing to prevent an indictment
and trial, and the motion went no further.
3. An error in imposing sentence is reviewable under section 144
of the Criminal Procedure act (*Comp. Stat., p.* 1867), which
provides that the reviewing court may render such judgment as
should have been rendered, or remand the case for correction by
the court below.

On error.

Before Justices GARRISON, TRENCHARD and BLACK.

For the plaintiff in error, *Charles L. Cole* (*Howard L.
Miller* on the brief).

For the defendant in error, *John W. Wescott,* attorney-
general, and *William J. Kraft.*

The opinion of the court was delivered by

GARRISON, J. The plaintiff in error was convicted in the
Quarter Sessions of Cape May county under an indictment

for malfeasance in office as prosecutor of the pleas for that county. The malfeasance charged in the indictment was that the defendant, being the prosecutor of the pleas, and knowing of violations of the law against gambling, which it was his duty to prosecute, took money not to prosecute the offenders.

That such transactions, if proved, constituted malfeasance in office cannot be denied; that there was testimony from which the jury could, and did, find that such transactions were proved cannot be questioned.

The conviction is attacked upon the ground that the indictment charged the crime of "compounding" a misdemeanor, and that the corrupt agreement which is the essence of that common law crime was not proved. This contention is unsound in point of fact; the indictment does not charge the crime of compounding, and could not be so understood, in view of the legal rule that the crime of compounding consists of the agreement of the person injured by a criminal act not to prosecute, the common instance being where a party robbed takes back his goods and agrees not to prosecute—hence the old synonym of "thief-bote." Such a reprobated agreement by a private prosecutor has nothing in common with the corrupt failure to prosecute by a public prosecutor under our criminal procedure. The ostensible ground for this argument is the presence of the words "compounding" and "compounded" in parts of the indictment that do not charge the offence, in which the pleader undertook to characterize the motive with which the money was received by the defendant or to describe his reason for failing to prosecute. The qualifying term is used as synonymous with "suppressed." In view of what has been said, such use was not felicitous, but it did not vary or extend the direct charge of the indictment or impose upon the state the impossible task of proving that the crime of compounding had been committed by a public prosecutor who had suffered no private wrong, and hence had nothing to compound.

This same notion runs through all of the argument for the plaintiff in error that is directed to the malfeasance evinced by the receipt of money by the defendant and his subsequent

conduct toward the offenders who had paid it. The detailed testimony as to these transactions afforded ample ground for the jury to find that the failure to prosecute was the result of a corrupt agreement in the sense in which that question was left to the jury. Such an agreement was not, however, of the essence of the offence of malfeasance as it would have been of the crime of compounding. Indeed, such an agreement, or even such payments or receipt of money were not essential to the offence of malfeasance, which, without doubt, might be as fully committed for reasons of personal favoritism or for political reasons or for no known reason at all. Still, the pecuniary motive having been set forth in the indictment and tried out before the jury, the court not improperly placed upon the state the burden of proving what it had alleged, and this it did by showing that such a relationship between the receipt of the money and the failure to prosecute was a rational and legitimate inference from the facts in evidence, even though an express agreement in so many words was not shown, the transaction in its nature being one to which the trite saying that "actions speak louder than words" was eminently applicable.

With this understanding of just what the indictment charged, much of the argument for plaintiff in error loses its point as a ground for reversal, and we have discovered no error that should lead to that result either in the rulings upon evidence or in the charge or in the refusals to charge.

A motion in arrest of judgment was made "because the defendant, being prosecutor of the pleas of Cape May county, had not been impeached for the offences alleged in the indictment, and could not legally be indicted and tried until there had been impeachment proceedings." It was not error to deny this motion upon the grounds stated.

The argument now made in the brief of counsel is as follows: "The defendant was prosecutor of the pleas of the county of Cape May. He was indicted, tried and convicted before impeachment. Our thought is that the prosecutor of the pleas stands to the state as did the king's counsel, and that the state cannot be deprived of the services of the prose-

cutor so long as he holds title to the office. By implication, the constitution seems to provide that the state's officer must first be removed by impeachment. Paragraph 3 of section 3, article 6, provides: 'Judgment in cases of impeachment shall not extend further than to removal from office, and to disqualification to hold and enjoy any office of honor, profit or trust under this state; but the party convicted shall, nevertheless, be liable to indictment, trial and punishment according to law.'"

We have not considered the question whether the sentence of imprisonment was unlawful, for the reason that the question was not raised by the grounds of the motion, which were that the defendant "could not legally be indicted and tried until there had been impeachment proceedings." Assuming for the moment that the constitution forbids a sentence of imprisonment before impeachment, there is nothing even upon counsel's argument to prevent an indictment and trial, and the motion went no further.

There is error in this record in the sentence that was imposed by the court below, which was a term of imprisonment for not more than three years and not less than two years. A minimum term of two-thirds of the maximum is correct under the act of 1914 (*Pamph. L., p.* 429), but these offences were committed prior to the passage of that act, and, as the law then stood, the minimum term was one-half of the maximum, *i. e.,* eighteen months instead of two years. This error is remediable under *Comp. Stat., p.* 1867, § 144, which provides that "whenever a final judgment in any criminal case shall be reversed upon a writ of error on account of error in the sentence, the court in which such reversal was had may render such judgment therein as should have been rendered, or may remand the case for that purpose to the court before which the conviction was had." This section was construed by the Court of Errors and Appeals in the case of *State v. Huggins,* 84 *N. J. L.* 254. Under the practice there laid down the attorney-general, in the present case, may move for either form of relief as he may elect, to which end the record will be retained.