THE STATE OF NEW JERSEY, PLAINTIFF, v. FRANCISCO JARDIM, PATRICK SESSELMAN, DUANE HEMMINGS AND ALBERT DATTALO, JR., DEFENDANTS.

Superior Court of New Jersey
Law Division (Criminal)
Union County

Decided January 15, 1988.

498

*John H. Stamler,* Union County Prosecutor, for the State (*William A. Amann,* Assistant Prosecutor, appearing).

*Weinberg & Kaplow* for Defendant Jardim (*Richard J. Kaplow* appearing).

*Rinaldo & Rinaldo* for Defendant Sesselman (Anthony D. Rinaldo, Jr. appearing).

*Raymond J. Zeltner* for Defendant Hemmings.

*Grace E. Esposito,* Asst. Deputy Public Defender, for Defendant Dattalo.

BEGLIN, A.J.S.C.

The defendants are charged with, among other things, the crime of compounding, *N.J.S.A.* 2C:29–4, and move to dismiss those counts of the indictment.

Evidence presented to the grand jury disclosed that on April 29, 1986, Frank Jardim offered cocaine and marijuana to a 15–year old girl (S.S.), showed her pornographic pictures, fondled her breasts, and attempted to have her engage in sexual conduct with him. That evening the victim relayed this information to her mother, who promptly reported it to the local

police department. Within two days, a search warrant had been obtained and both the mother and S.S. provided full written statements to the authorities. Their statements included information that in that interval Jardim and his wife had sought to persuade the mother not to pursue the matter further. The mother refused, stating she would see Mrs. Jardim in court. S.S. and her mother were subpoenaed to testify before the grand jury three times, but on each occasion failed to appear.

Between the first and second scheduled grand jury sessions, the mother and another daughter met with Jardim. He agreed to pay them $50,000 to leave New Jersey and not return for any grand jury or court proceeding. Almost immediately, the family moved to Florida.

Patrick Sesselman delivered $2,000 to the mother, drove them to the airport, handed her an envelope with $5,000, and later brought an additional $3,000 to her. Duane Hemmings then drove the mother's car to Florida, bringing $5,000 which Sesselman had given him. The mother contracted to purchase a house and before the closing, Albert Dattalo, Jr. brought her $13,000.

Later, Dattalo delivered another $1,000 to her, the funds on both occasions being provided by Sesselman. It was the mother's understanding that all of the $29,000 she received came from Jardim and that he would eventually pay her the remaining $21,000, due to Jardim having indicated to her that their agreement would probably save him years in jail.

The crime of compounding [1] is included in Part 4 of the Code of Criminal Justice, encaptioned "Offenses Against

---

[1]A person commits a crime if he accepts or agrees to accept any pecuniary benefit in consideration of refraining from reporting to law enforcement authorities the commission or suspected commission of any offense or information relating to an offense or from seeking prosecution of an offense. A person commits a crime if he confers or agrees to confer any pecuniary benefit

Public Administration." Chapter 27 deals with bribery and corrupt influence (*N.J.S.A.* 2C:27-1 through -7), Chapter 28 with perjury and other falsification in official matters (*N.J.S.A.* 2C:28-1 through -8), Chapter 29 with obstructing governmental operations and escapes (*N.J.S.A.* 2C:29-1 through -9), and Chapter 30 with misconduct in and abuse of office (*N.J.S.A.* 2C:30-2 and 2C:30-3). With the exception of compounding, all of these various offenses deal with something done by one person, the actor. They address, in that sense, unilateral conduct. Compounding, however, introduces the additional element of agreeing to do with another person something connected with an already completed criminal offense. It is the factor of mutual agreement which distinguishes the offense of compounding from conduct constituting tampering (*N.J.S.A.* 2C:28-5), obstructing (*N.J.S.A.* 2C:29-1), or hindering prosecution (*N.J.S.A.* 2C:29-3). One may accept a benefit from another (or agree to do so) or one may confer a benefit upon another person (or agree to do so), the consideration in either instance being an agreement to thwart the prosecution of the underlying offense. The commission of that offense, by such action, has thereby been compounded.

The defendants urge, however, that since they are not alleged to have committed any of the underlying offenses charged against Jardim, they cannot be charged with compounding as they have not compounded any offense involving themselves. Such an argument presents too simplistic an approach to the type of obstructive conduct now included in Part 4 of the Code.

---

in consideration of the other person agreeing to refrain from any such reporting or seeking prosecution. It is an affirmative defense to prosecution under this section that the pecuniary benefit did not exceed an amount which the actor reasonably believed to be due as restitution or indemnification for harm caused by the offense. An offense proscribed by this section is a crime of the second degree. If the thing of value accepted, agreed to be accepted, conferred or agreed to be conferred is any benefit of $200 or less, an offense proscribed by this section is a crime of the third degree.

Admittedly, at common law and under the predecessor statutes, this offense had a narrower focus. There, the criminal proscription was directed at the person who received the benefit in return for doing something aimed at blocking the prosecution of another.[2] As stated in the Final Report of the N.J. Criminal Law Revision Commission, "The common law offense of 'compounding' and its statutory replacement penalize agreements, for a consideration, to refrain from giving information to law enforcement authorities concerning a crime." 2 N.J. *Penal Code: Commentary*, 286 (1971). The offense having taken place, it is unlawful for the victim to receive a benefit in return for agreeing not to assist the authorities in their investigation or prosecution. Such conduct, on the part of the victim, is said to compound the criminal act itself. It is that corrupt agreement to favor or protect the criminal, which compounds the underlying wrong. An indictment for compounding a crime must aver that the crime charged to have been compounded had, in fact, been committed. Then the refusal to present or prosecute that crime is what has injured the public. *State v. Leeds*, 68 *N.J.L.* 210, 211 (Sup.Ct.1902). *See also State v. Jefferson*, 88 *N.J.L.* 447 (Sup.Ct.1916), aff'd, 90 *N.J.L.* 507 (E. & A.1917); 33 *N.J. Practice (Miller, Criminal Law )* (1982) § 254; Schlosser, 1 *Criminal Laws of N.J.* § 32 (3d ed. 1970).

The Code, however, goes further. It provides that one may also compound a crime by conferring a pecuniary benefit upon the victim, or agreeing to do so, when that is done in consideration of the victim agreeing to refrain from reporting the commission of the offense, or from seeking its prosecution. That is precisely what Jardim, along with Sesselman, Hemmings and Dattalo, is alleged to have done. Accepting the evidence that the mother committed the crime of compounding

---

[2]*See N.J.S.A.* 2A:97-1: "Any person who takes any money ... or promise thereof, to compound ... any offense ... is guilty of a misdemeanor, but in no case shall his punishment be greater than is provided for the offense compounded."

by agreeing to accept $50,000 from Jardim,[3] that same evidence demonstrates commission of the like offense by all defendants in their conferring such a pecuniary benefit upon her in return for her agreement not to return to New Jersey to further the prosecution against Jardim. Their conduct, likewise, constitutes a corrupt agreement which, by seeking to prevent Jardim's prosecution, compounds the crimes he is alleged to have committed.[4] The indictment alleges such here. Specifically, that in return for the benefit conferred by each defendant upon the mother, she in turn agreed to refrain from seeking the prosecution of Jardim. The defendants urge that since full reports and statements had already been furnished to the authorities, what the mother then agreed to cannot be said to constitute refraining from seeking prosecution. Clearly, however, her testimony, and that of her daughter, would be essential at Jardim's trial. By agreeing to relocate in another state and not obey several subpoenas, there is a proper basis to conclude that the mother effectively demonstrated her intent not to assist the authorities in furtherance of this prosecution.[5] Such an agreement is designed to impede the lawful processes of government and obstruct its proper administration. Although initially she may in fact have sought Jardim's prosecution by reporting the crimes and providing statements of herself and her daughters, she thereafter ignored grand jury subpoenas and agreed not to return for any court proceeding.

---

[3] By Order entered October 13, 1987, she has been granted immunity pursuant to *N.J.S.A.* 2A:81–17.3 in return for her trial testimony.

[4] *See* L.1985, c. 250 which supplements Title 2C by adding *N.J.S.A.* 2C:28–5.1 *et seq.* effective July 31, 1985, authorizing the Court in certain instances to issue protective orders for victims and witnesses and, in so doing, recognizing that "any other person connected in any way with the action" may be charged with the crime of compounding.

[5] *See Brittin v. Chegary*, 20 *N.J.L.* 625, 631 (Sup.Ct.1846), approving a jury charge to the effect that compounding constitutes an agreement that one will not "be in any way instrumental in prosecuting [another] ... and bringing him to public justice," and then taking something of value upon that agreement.

The consideration of *that* agreement was to refrain from further seeking his prosecution. This same evidence may constitute witness tampering under *N.J.S.A.* 2C:28–5 a, but when the additional element of agreeing to confer pecuniary benefit is present, the crime of compounding is also established. By allegedly conferring such a benefit upon her in these circumstances, the defendants compounded the crimes charged against Jardim and have therefore been properly indicted.

The motion seeking dismissal of Counts 8 and 9 is denied.[6]

---

[6]Count 8 charges Jardim with agreeing to confer a benefit of $50,000 while Count 9 charges all defendants with conferring a $29,000 benefit.