THOMAS ATWOOD, Respondent, v. EDWARD C. BEIRNE, Appellant.

*False imprisonment — theft, probable cause — malicious charge — insufficient termination of a proceeding.*

Upon the trial of an action brought to recover damages for false imprisonment, the defendant testified that ten dollars had been stolen from his office and that no one was there when the same was taken but the plaintiff and his wife. The plaintiff denied having taken the money, and the question whether a theft had been committed was left to the jury, with the instruction that if there had been a theft, probable cause was shown.
*Held*, that the proper course was taken.
In such an action it is proper for the court to charge that a verdict for the plaintiff cannot be found unless no theft has been committed, and the charge has been made maliciously.
Where two cross complaints, for assault and battery and one complaint for larceny, are made by two persons respectively, and it is afterwards arranged by counsel that the complainants shall respectively be absent from court on the days to which the proceedings have been adjourned, and each complaint falls for want of prosecution, there has not been such a termination of the prosecution as will sustain an action by one of such persons to recover damages for false imprisonment.

APPEAL by the defendant, Edward C. Beirne, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Orange on the 8th day of July, 1893, upon the verdict of a jury for $500, rendered at the Orange County Circuit, and also from an order entered in said county clerk's office on the 11th day of July, 1893, denying the defendant's motion for a new trial made on the minutes.

The complaint contained the following allegations:

"The plaintiff further complaining alleges the charge made by the defendant, and his arrest and imprisonment, was made and caused without any probable cause to suspect plaintiff of either stealing or attempting to steal the property thereinbefore mentioned, and that said arrest and detention of said plaintiff was unjustifiable and malicious.

"That plaintiff herein, by reason of the unjustifiable and malicious action of the defendant aforesaid, suffered great mental agony and physical discomfort, and demands judgment against said defendant for $3,000, besides the costs and disbursements of this action."

*John W. Lyon*, for the appellant.

*Wilton Bennet*, for the respondent.

PRATT, J. :

Appellant urges that the court below erred in refusing to dismiss the complaint for failure to prove want of probable cause.

The defendant testified that ten dollars had been stolen from his office, and that no one was present at the office when the money was taken but the plaintiff and his wife.

The court said that if a theft had been in fact committed, then there was probable cause for the prosecution. We think that was as far as the trial judge could go in that direction.

Plaintiff denied having taken the money, and the question whether a theft had been committed was practically left to the jury, with the instruction that if there had in fact been a theft probable cause was shown. We think this was the proper course.

Nor was any error committed in the charge as to smart money. Under the charge the jury were not allowed to find a verdict for plaintiff, unless they found that no theft had been committed, and that the charge was made maliciously. Where a complaint is made under such circumstances smart money might well be given.

It is also urged that the prosecution was not so terminated in plaintiff's favor as to afford the proper foundation for this action, and this objection appears to be well founded.

There were two cross complaints of assault and battery, and one complaint for larceny. One of the assault cases was tried three times before a verdict was reached, and by that time the parties, their counsel and the justice were all tired of the matter, and were equally eager to end the proceedings.

It was arranged by counsel that the complainants should respectively be absent from court upon the days to which the proceedings were adjourned, and each complaint thus fell for want of prosecution. That disposition of the matter was judicious and creditable to all concerned, but it was not such a termination of the prosecution as would sustain an action. In principle it was a compromise or an abandonment of the proceeding by mutual consent, and no real determination has been had. On that ground the plaintiff's case

fails. There must be a reversal of the judgment and a new trial, costs to abide the event.

DYKMAN, J., concurred.

Judgment and order denying new trial reversed and new trial granted, costs to abide event.