## LOFTUS v. MEYER.

(Supreme Court, Appellate Term. November 18, 1903.)

1. MALICIOUS PROSECUTION—EVIDENCE—ADMISSIBILITY.

     Evidence offered, in an action for malicious prosecution, concerning occurrences in court on the trial of the prosecution complained of, to establish the defense that the accused was discharged by reason of a settlement, and not otherwise, was admissible.

Appeal from City Court of New York, Special Term.

Action by Thomas J. Loftus against Joseph E. Meyer. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before FREEDMAN, P. J., and BISCHOFF and BLANCHARD, JJ.

Epstein Bros., for appellant.

Steuer, Hoffman & Wahle, for respondent.

BLANCHARD, J. The plaintiff alleged in his complaint, and gave evidence in support thereof at the trial, that the defendant maliciously and without probable or reasonable cause or provocation caused the plaintiff's arrest in the month of September, in Monmouth county, N. J.; that he was held in bail by the police justice to await the action of the grand jury; that the defendant caused the grand jury to indict the plaintiff; and that when the case was called for trial the court discharged the plaintiff from custody and he was fully acquitted from the said indictment. The answer of the defendant denied that the prosecution was malicious and without probable cause, and alleged that the plaintiff made retribution to this defendant for the assault, and that, upon these facts being stated to the court, a nolle prosequi was entered. The answer further set forth an agreement whereby the defendant paid $150 to the plaintiff as an accord and satisfaction and for a release of any cause of action that plaintiff might have against the defendant.

In the course of the trial, and while the defendant was on the stand as a witness in his own behalf, his attorney propounded a series of questions, which tended to bring out the facts concerning the plaintiff's discharge and the occurrences in court which resulted in the discharge of the plaintiff, thus tending to establish the defenses interposed in the answer. The learned trial justice, upon objection of counsel for the plaintiff, refused to receive this evidence, and it was excluded, and to this an exception to the ruling was duly taken.

In our judgment, this was error. It was proper for the defendant to show the occurrences at the time of trial for the purpose of disproving the existence of a discharge of the plaintiff under the indictment. The proof of a discharge was a prerequisite to plaintiff's case, and, if it resulted from the agreement of the parties, it unquestionably had a most important bearing on the question of damages. Under the authorities the evidence was proper. Avery v. Blair, 105 N. Y. 669, 21 Wkly. Dig. 178; Roberts v. Bayles, 1 Sandf. 47; Atwood v. Beirne, 73 Hun, 547, 548, 26 N. Y. Supp. 149; Burhans v. Sanford, 19 Wend. 417; McCormack v. Sisson, 7 Cow. 715, 716; Gallagher v. Stoddard, 47 Hun, 101. The testimony excluded was competent and material as bearing upon two constituents of the plaintiff's cause of action—that the prosecution complained of terminated in his favor, and that there was a want of probable cause.

The judgment must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.