## WATERS *v.* WINN *et al.*

1. The actions for malicious arrest and malicious prosecution are essentially of the same nature; the former being appropriate to arrests under civil process, and the latter to arrests under criminal process. In either action it is necessary to allege the termination of the proceeding out of which the writ issued, in favor of the plaintiff. The first count of the petition failed to state a cause of action.
2. To maintain an action for malicious prosecution the plaintiff must prove that the prosecution has terminated in his favor. If the termination of a prosecution has been brought about by compromise of the parties, an action for malicious prosecution can not be maintained.
JULY 17, 1914.

Action for damages. Before Judge Pendleton. Fulton superior court. June 12, 1913.

*Holbrook & Corbett,* for plaintiff.

*C. B. Reynolds,* for defendants.

EVANS, P. J. E. L. Waters brought suit against E. R. Winn and the National Woolen Mills. The petition contained two counts. The first count alleged, that Winn, as the agent and with the approval of his codefendant, sued out a warrant before a justice of the peace, charging him with the offense of a misdemeanor; that he was arrested by a lawful constable; that the arrest was without probable cause; that he was not guilty of the offense charged in the warrant, nor guilty of any other offense; that the arrest was malicious; and that he had sustained the damages set out. In the second count he alleged, in addition to the matters set out in the first count, that upon being arrested he was brought before the justice, when the warrant was withdrawn by the defendants in consideration of his agreeing to pay off and discharge a debt owing by him to the National Woolen Mills, which was done, and the warrant was withdrawn. The petition was dismissed on general demurrer, and the plaintiff excepted.

1. The first count of the petition claimed damages for a ma-

licious arrest. At common law an action on the case could be maintained whenever an injury to a person or his property or reputation was occasioned by regular process of a court of competent jurisdiction, maliciously adopted. If the injury complained of was an arrest under valid process, the remedy was for malicious arrest and prosecution. If the arrest was made under civil process, as where one had been maliciously and without probable cause taken into custody for debt, or where there had been a malicious holding of a person to bail, the action was for a malicious arrest; but if the process under which the plaintiff was arrested was criminal, the action was for a malicious prosecution. 2 Sanders on Pleading & Evidence, 319; 1 Chitty on Pleading, 149; Ahern v. Collins, 39 Mo. 145. These forms of actions differ in no essential particulars. In an action for malicious arrest the determination of the proceeding out of which the prosecution issued must be alleged, and also that it was determined in the plaintiff's favor. Likewise, in an action for malicious prosecution, the prosecution must be ended before the right of action accrues. Civil Code, § 4446; *Porter* v. *Johnson,* 96 *Ga.* 145 (23 S. E. 123); *Mullins* v. *Matthews,* 122 *Ga.* 286 (50 S. E. 101); *Gordon* v. *West,* 129 *Ga.* 532 (59 S. E. 232, 13 L. R. A. (N. S.) 549). The first count of the petition does not allege that the prosecution terminated in the plaintiff's favor; and for that reason no cause of action for a malicious arrest or malicious prosecution is set out.

The allegations in the first count are insufficient to set out a cause of action for false imprisonment. An arrest under a warrant, valid in form, issued by a competent authority upon a sufficient complaint, is not false imprisonment. *Joiner* v. *Ocean Steamship Company,* 86 *Ga.* 238 (12 S. E. 361); *Page* v. *Citizens Banking Company,* 111 *Ga.* 73, 86 (36 S. E. 418, 51 L. R. A. 463, 78 Am. St. R. 144); *Gordon* v. *West,* supra.

Nor does the first count set out a cause of action for a malicious abuse of process. An action for a malicious abuse of process lies where a party employs process, legally and properly issued, wrongfully and unlawfully for a purpose which it is not intended by law to effect; and for such malicious abuse of civil or criminal process an action will lie against the party responsible for the abuse. *Porter* v. *Johnson, Mullins* v. *Matthews,* supra. There is no allegation in the first count that the warrant was sued out, and the defendant arrested thereunder, to accomplish any ulterior purpose.

The first count of the petition, therefore, is defective in setting out an action for malicious arrest or malicious prosecution, in that it fails to allege the termination of the proceeding in the plaintiff's favor; it is defective in setting out a cause of action for false imprisonment, inasmuch as it is distinctly alleged that the plaintiff was arrested by virtue of a warrant, valid in form, issued by a competent authority, upon sufficient complaint; it is defective as stating a cause of action for malicious abuse of process, in that there is no allegation that the process was employed to perform any other function than that intended by law.

2. In the second count the plaintiff sues for a malicious prosecution. He alleges, that the prosecution was withdrawn by the defendants in consideration of his agreement to pay off and discharge a debt, on condition that the defendants should not prosecute the criminal case further; that this was done; and that the warrant was then withdrawn by the defendants. The allegation is that the prosecution was terminated because of his agreement to pay a certain sum of money. It is essential to the maintenance of an action for malicious prosecution that the plaintiff shall prove that the prosecution not only terminated, but terminated in his favor. Civil Code (1910), § 4446. Such termination may be caused by the voluntary abandonment of the case by the party who instituted the prosecution. But the rule seems to be well settled that where the termination of the prosecution has been brought about by compromise and agreement of the parties, an action for malicious prosecution can not be maintained. Craig *v.* Ginn, 3 Penne. 117 (48 Atl. 192, 53 L. R. A. 715, 94 Am. St. R. 77). In Welch *v.* Cheek, 125 N. C. 353 (34 S. E. 531), it appeared that the plaintiff compromised with the defendant, and consented to the dismissal of the action before the justice. The court said: "It is a settled rule that, before an action like the present to recover damages can be maintained, the criminal action must have terminated in some way, either by nol. pros., verdict, or quashing, etc. When, however, the termination has been induced and brought about by the defendant, he can not maintain an action for damages." In Atwood *v.* Beirne, 73 Hun, 547 (26 N. Y. Supp. 149), the parties sued out cross-warrants charging assault and battery, and one for larceny. After trying one of the assault and battery cases, counsel for the parties agreed that they would absent themselves from court

upon the day to which the other cases were adjourned, and each warrant was dismissed for want of prosecution. The court said, that the "disposition of the matter was judicious and creditable to all concerned, but it was not such a termination of the prosecution as would sustain an action. In principle it was a compromise or abandonment of the proceeding by mutual consent, and no real determination has been had. On that ground the plaintiff's case fails." The theory that a termination by compromise and settlement defeats an action for malicious prosecution has thus been stated by the Supreme Court of Maine, in Morton *v.* Young, 55 Me. 24 (92 Am. D. 565): "If he [the plaintiff] settled the demand understandingly and voluntarily, he is estopped from denying that the defendant had probable cause for bringing the suit." The plaintiff having alleged that the warrant was withdrawn on account of his executed agreement to pay a certain sum of money, he is not entitled to maintain against the defendants an action for malicious prosecution in suing out the warrant.

> *Judgment affirmed. All the Justices concur.*