22585.   COGGINS *v.* GENERAL MOTORS ACCEPTANCE
CORPORATION.

DECIDED AUGUST 4, 1933.

*Eldon Haldane,* for plaintiff. *Harry S. McCowen,* for defendant.

MacINTYRE, J. The plaintiff brought a suit for the malicious use of process (so stating in his brief in this court) in the maintenance of an action of bail-trover for a certain automobile, in which the plaintiff in trover alleged title, demand, and refusal, and asked for hire. In his answer, or cross-bill, the defendant in trover sought to recover $287.50 upon the ground that the plaintiff in trover had breached its contract, and that the defendant in trover "now disaffirms said contract," tenders the property back, and asks for a judgment for the amount paid the plaintiff on the conditional-sale contract, to wit, $287.50. The defendant recovered a less amount, to wit, $175. It seems to us that the plaintiff in this case elected to adjudicate his case in trover upon the basis of a rescission of the title-reservation contract on which the bail-trover suit was founded, for he says he "disaffirms" it. It seems to us further that the cross-bill of the defendant in trover must proceed on the idea that the parties were to be placed in the position they were in at the inception of the contract alleged to have been rescinded. The plaintiff in trover was awarded the property, and the defendant an amount of the purchase-money less than he sought (presumably less reasonable hire, no tender for hire having been made). "There are three essential elements which must appear before one can recover for malicious use of legal process: (1) malice; (2) want of probable cause; and (3) that the proceeding complained of had terminated in favor of the defendant therein before suit for damages based upon it was brought." *Williams* v. *Adelman,* 41 *Ga. App.* 424, 427 (158 S. E. 224), and the authorities cited therein. See, in this connection, *Waters* v. *Winn,* 142 *Ga.* 138 (2) (82 S. E. 537, L. R. A. 1915A, 601, Ann. Cas. 1915D, 1248), in which the court said: "To maintain an action for malicious prosecution the plaintiff must prove that the prosecution has terminated in his favor. If the termination of a prosecution has been brought about by compromise of the parties, an action for malicious prosecution can not be maintained." In the *Waters* case the court quotes ap-

provingly from Welch *v.* Cheek, 125 N. C. 353 (34 S. E. 531): "When, however, the termination has been induced and brought about by the defendant, he can not maintain an action for damages." We do not think that the termination of the trover case was in favor of the plaintiff in this case in the sense that it will warrant a recovery for malicious use of legal process. The sustaining of the general demurrer by the trial court is therefore

*Affirmed. Broyles, C. J., and Guerry, J., concur.*