73104. LASTER v. STAR RENTAL, INC. et al.
(353 SE2d 37)

CARLEY, Judge.

Appellant-plaintiff initiated the instant litigation by filing a multi-count complaint against appellee-defendants. One of the counts alleged that appellant had been maliciously prosecuted for the criminal conversion of leased property, a violation of OCGA § 16-8-19. Discovery in the instant case established that, on the day set for her preliminary hearing on the criminal charge, appellant, acting through her counsel, had offered to make a return of the disputed property in consideration for the dismissal of the warrant. Appellant's offer was accepted and the warrant and prosecution were dismissed. Based upon this evidence, appellees moved for summary judgment in their favor as to the malicious prosecution count. Appellees' motion for summary judgment was granted, from which order appellant appeals.

1. "It is essential to the maintenance of an action for malicious prosecution that the plaintiff shall prove that the prosecution not only terminated, but terminated in his favor. [Cit.] Such termination may be caused by the voluntary abandonment of the case by the party who instituted the prosecution. But the rule seems to be well settled that where the termination of the prosecution has been brought about by compromise and agreement of the parties, an action for malicious prosecution can not be maintained. [Cit.]" *Waters v. Winn*, 142 Ga. 138, 140 (2) (82 SE 537) (1914). The trial court granted summary judgment based upon the uncontroverted evidence in the instant case that appellant's prosecution was not voluntarily abandoned by appellees but was terminated as the result of the parties' own compromise and settlement.

Appellant urges, however, that the trial court erroneously rejected the argument that the purported duress occasioned by facing the criminal charges should serve to vitiate her agreement to settle and compromise those charges. While there is no doubt that anyone would feel a certain amount of duress at the prospect of facing criminal charges, such duress cannot dispense with the requirement that the plaintiff in a subsequent malicious prosecution action must demonstrate that the previous prosecution *terminated favorably* to him. The very purpose of the preliminary hearing was to conduct a judicial inquiry into the validity of the criminal charges against appellant. There appears to be no valid or compelling reason why appellant could not, in the context of her preliminary hearing, have sought a favorable termination of the prosecution on those same grounds that

she only now urges would demonstrate the underlying maliciousness of the prosecution. Instead, appellant obviated the conduction of a preliminary hearing by reaching a voluntary compromise and settlement. " 'On that ground [appellant's malicious prosecution claim] fails.' " *Waters v. Winn*, supra at 141. See also *Coggins v. Gen. Motors Acceptance Corp.*, 47 Ga. App. 314 (170 SE 308) (1933).

2. Appellant's remaining enumeration of error is rendered moot by the holding in Division 1. It follows that the trial court did not err in granting summary judgment in favor of appellees.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED JANUARY 5, 1987 —
REHEARING DENIED JANUARY 27, 1987 — 

*John S. Graettinger, Jr., Marcia E. Fishman*, for appellant.
*Robert E. Price*, for appellees.