A89A1311. CAMPBELL v. HYATT REGENCY et al.
(388 SE2d 341)

CARLEY, Chief Judge.

Appellant-plaintiff filed a complaint against appellee-defendants, alleging claims for false arrest and false imprisonment. Appellant appeals from the grant of appellees' motion for summary judgment.

1. Contending that he was not given an opportunity to conduct discovery, appellant enumerates the grant of appellees' motion for summary judgment as error.

" 'If the non-existence of any genuine issue of material fact is established by such credible evidence that on the facts and the law the movant is entitled to judgment as a matter of law, the motion should be granted, unless the opposing party shows good reason why he is at the time of the hearing unable to present facts in opposition to the motion. . . .' [Cit.]" *Raven v. Dodd's Auto &c. Svc.*, 117 Ga. App. 416, 422 (3) (160 SE2d 633) (1968). See also OCGA § 9-11-56 (f). Appellant showed no good reason why he was unable to oppose appellees' motion. The record shows that he failed to initiate any discovery "within 6 months after the filing of the answer" and failed to obtain any court-ordered extension of time to engage in discovery. Uniform Superior Court Rule 5. Under these circumstances, the trial court clearly was warranted in addressing the merits of appellees' motion for summary judgment.

2. In an action for false arrest, "it is essential to show a termination of the prosecution in favor of the complaining party. [Cits.]" *Hatcher v. Moree*, 133 Ga. App. 14 (1) (209 SE2d 708) (1974). See also *Laster v. Star Rental*, 181 Ga. App. 609 (1) (353 SE2d 37) (1987). The undisputed evidence of record shows that the charges against appellant are still pending. "As there has been no requisite termination of the prior criminal proceeding, the trial court properly granted summary judgment for [appellees on the false arrest count]." *McCord v.*

*Jones*, 168 Ga. App. 891, 893 (311 SE2d 209) (1983).

3. An action for false imprisonment "must be brought within two years of its accrual, OCGA § 9-3-33, which is from the release from imprisonment. [Cit.]" *Reese v. Clayton County*, 185 Ga. App. 207, 208 (363 SE2d 618) (1987). Appellant's complaint was filed more than two years after his release from the imprisonment that he alleges to have been actionable. Thus, appellant's action for false imprisonment is barred by the statute of limitation and the trial court correctly granted summary judgment in favor of appellees as to that claim.

*Judgment affirmed. McMurray, P. J., and Beasley, J., concur.*

DECIDED OCTOBER 17, 1989 —
REHEARING DENIED NOVEMBER 15, 1989 — ▮▮▮▮▮▮▮

Keith A. Campbell, *pro se.*
*Troutman, Sanders, Lockerman & Ashmore, Alan P. Shor, Richard L. Ford, Daniel S. Reinhardt,* for appellees.