A96A1124. GERRY et al. v. K-MART et al.
(474 SE2d 260)

BLACKBURN, Judge.

Linda Gerry filed suit against K-Mart and one of its security employees, Michael Turner, for malicious prosecution and false imprisonment after she was arrested and charged with shoplifting. Her husband joined as a plaintiff alleging loss of consortium. The trial court granted summary judgment to K-Mart and Turner, and Gerry and her husband appeal.

On September 18, 1990, Gerry was detained and arrested for shoplifting while in a K-Mart department store. The State moved for a judgment of nolle prosequi based upon Gerry's agreement to perform community service as part of a pre-trial diversion program. The State's motion was granted on September 4, 1992. On September 10, 1992, Gerry and her husband filed a complaint against K-Mart and Turner, seeking damages, inter alia, for malicious prosecution and false imprisonment stemming from the September 18, 1990 incident. The trial court granted summary judgment to K-Mart and Turner on the ground that Gerry's agreement to undergo pre-trial diversion barred her claims for malicious prosecution and false imprisonment.

1. Gerry and her husband contend that the trial court erred in dismissing the malicious prosecution claim.

"It is essential to the maintenance of an action for malicious prosecution that the plaintiff shall prove that the prosecution not only terminated, but terminated in his favor. . . . [T]he rule seems to be well settled that where the termination of the prosecution has been brought about by compromise and agreement of the parties, an action for malicious prosecution can not be maintained." (Citations and punctuation omitted.) *Laster v. Star Rental*, 181 Ga. App. 609 (353 SE2d 37) (1987). While conceding the validity of this general rule of law, Gerry and her husband contend that it is inapplicable in this case because the defendants herein were not parties to the agreement between the accused and the State which resulted in the termination of the criminal action. We disagree.

The defendant, by consenting to a termination of the criminal action, precluded a resolution in her favor, which is an essential element of a malicious prosecution claim. See *Waters v. Winn*, 142 Ga. 138, 141 (82 SE 537) (1914); see also Prosser, Law of Torts, pp. 839-840, § 119 (4th ed. 1971). Because the plaintiff herein cannot establish an essential element of her claim, and the husband's claim is derivative, we affirm the trial court's grant of summary judgment to

the defendants on this issue.

2. Gerry and her husband contend that the trial court erred in holding that her entry into a pre-trial diversion program barred the false imprisonment claim, and also contend that the trial court erred in dismissing that claim.

The trial court, in its January 24, 1996 order, held that "Ms. Gerry's agreement to serve a reduced sentence in exchange for nolle prosequi is essentially a plea bargain and, as such, demonstrates that K-Mart's employees acted reasonably in detaining Ms. Gerry for shoplifting." A committal hearing had been held in this matter, and the magistrate had determined that probable cause existed, and bound the case over. A magistrate's determination of probable cause is prima facie evidence of the existence thereof. *Monroe v. Sigler*, 256 Ga. 759, 760 (353 SE2d 23) (1987).

OCGA § 51-7-60 provides qualified immunity to mercantile establishments and their agents from claims of false imprisonment arising from the detention or arrest of suspected shoplifters when "it is established by competent evidence: (1) That the plaintiff had so conducted himself or behaved in such manner as to cause a man of reasonable prudence to believe that the plaintiff, at or immediately prior to the time of the detention or arrest, was committing the offense of shoplifting, as defined by Code Section 16-8-14; or (2) That the manner of the detention or arrest and the length of time during which such plaintiff was detained was under all the circumstances reasonable."

We have previously held that *both* prongs of OCGA § 51-7-60 must be proven before a defendant can claim qualified immunity. "One who has done nothing to give the impression that he or she is shoplifting should not be subject to any detention at all for that offense; and, conversely, one who has acted in such a way as to give the impression that he or she is shoplifting but who is in fact innocent of any such misconduct should not be subjected to continued detention beyond that which is reasonably necessary to ascertain the true facts." *K Mart Corp. v. Adamson*, 192 Ga. App. 884, 886 (386 SE2d 680) (1989) (customer who carried a dress, with sales tags in place, into the store was stopped, interrogated and then released without charges being pressed).

In the subject case, the magistrate's finding of probable cause establishes, as a matter of law, that Ms. Gerry's conduct was sufficient to justify K-Mart's belief that she was shoplifting, and to investigate the matter. See *Monroe v. Sigler*, supra. Ms. Gerry's voluntary entry into the pre-trial diversion program and the acceptance of the community service penalties imposed therein, when coupled with the magistrate's findings, establish that she is not one "who is in fact innocent of any such misconduct" under our holding in *K Mart Corp.*

*v. Adamson*, supra.

Accordingly, the trial court did not err in granting K-Mart's motion for summary judgment on the false imprisonment claim.

*Judgment affirmed. Beasley, C. J., and Birdsong, P. J., concur.*

DECIDED JULY 29, 1996.

*Strauss & Walker, John T. Strauss*, for appellants.
*Francis E. Wiggers, Jr., Mary B. Galardi*, for appellees.

