A99A1464. GARNER v. HEILIG-MEYERS FURNITURE COMPANY et al.
(525 SE2d 145)

SMITH, Judge.

Marilyn Fortes Garner brought suit against Heilig-Meyers Furniture Company, its collection manager, Ronald Kirby, and a collection agency employed by Heilig-Meyers, named in Garner's complaint as John Doe Corporation d/b/a Metro Atlanta Investigations, alleging claims for false arrest, malicious prosecution, and defamation. Heilig-Meyers answered and filed a motion for summary judgment on Garner's claims for false arrest and malicious prosecution.

The motion was granted,[1] and Garner appeals. We conclude that the trial court correctly granted summary judgment in favor of Heilig-Meyers and Kirby because they successfully pierced an essential element of Garner's case by showing that the underlying prosecution was not terminated favorably to her. We therefore affirm the judgment.

The record shows that Garner purchased furniture from Heilig-Meyers under a retail installment agreement. Under that agreement, Garner was obligated to make 16 payments of $46, commencing on December 1, 1995, followed by a final payment of $45.55. Garner admitted on her deposition that she made no payment between October 29, 1996 and February 3, 1997. Heilig-Meyers presented evidence that several demand letters were delivered to Garner's home in November 1996, although Garner denied receiving or refusing any. In December 1996, after several unsuccessful attempts to contact Garner, Kirby sent an outside collector to Garner's home. The collector reported to Kirby that Garner's husband told him to "get away from the door." In his affidavit, Kirby stated that he went to Garner's home personally to repossess the furniture, but no one answered the door. He also stated that other letters were taped to her door. On December 31, 1996, Kirby sent another letter to Garner, via express mail. The letter included a certified mail receipt. Kirby testified that delivery was refused.

When no payment from Garner was forthcoming, the store manager directed Kirby to execute an application for an arrest warrant. Kirby did so on January 27, 1997. Based upon the affidavit and supporting documents, a warrant was issued by a magistrate for Garner's arrest for violating OCGA § 16-8-4, theft by conversion. Garner was arrested at her home on February 4, 1997. Her husband delivered the balance owed to Heilig-Meyers that day. Garner was ordered released when the warrant was recalled and dismissed by the magistrate the next day, after Heilig-Meyers executed a document captioned "Recommendation of Dismissal."

1. Garner correctly concedes that because she was released before being brought before a committing court, an action lies only for false arrest and not for malicious prosecution.

> If a criminal process is sued out without probable cause and an arrest is made under it, the remedy of the accused depends on whether or not he is actually prosecuted under the warrant. If after the arrest the warrant is dismissed or

---

[1] Heilig-Meyers and Kirby also filed a motion for summary judgment as to Garner's claim against them for defamation, and this motion was later granted, as well. John Doe Corporation d/b/a Metro Atlanta Investigations is not a party to this appeal.

not followed up, the remedy is for malicious arrest. But if the action is carried on to a prosecution, an action for malicious prosecution is the exclusive remedy, and an action for malicious arrest will not lie.

(Citations and punctuation omitted.) *McCord v. Jones*, 168 Ga. App. 891, 892 (311 SE2d 209) (1983). A claim for malicious arrest differs from one for malicious prosecution only in that malicious prosecution requires the additional element of showing that a prosecution was carried on. Id.

2. Either claim requires the claimant to show "that the prior criminal proceeding, whatever its extent, had terminated in her favor." *McCord*, supra; *Campbell v. Hyatt Regency*, 193 Ga. App. 542 (2) (388 SE2d 341) (1989).

In *Grist v. White*, 14 Ga. App. 147, 149 (1) (80 SE 519) (1914), this court said: While, under the Code, an arrest under process of law will give rise to an action for damages, if the arrest be made with malice and without probable cause, still there must have been a *judicial ascertainment* of the fact that the arrest was unlawful, evidenced by *an order* dismissing the warrant or vacating the process under which the arrest was made.

(Citations and punctuation omitted; emphasis in original.) *Bennett v. Fine Jewelers &c.*, 194 Ga. App. 377, 378-379 (1) (390 SE2d 625) (1990).

A prosecution may be terminated voluntarily by the party who instituted it. But the rule appears to be well settled that when it is not voluntarily abandoned but terminated because of a compromise and agreement of the parties, no action will lie. *Laster v. Star Rental*, 181 Ga. App. 609 (1) (353 SE2d 37) (1987) (malicious prosecution). In this case, notwithstanding the entry of an order dismissing the warrant and Garner's protests to the contrary, it is clear that Garner's release from jail and the dismissal of the warrant were brought about by the Garners' compromise agreement, under which they paid the balance owed Heilig-Meyers. Even if, as Garner maintains, she entered into an agreement with Metro Atlanta Investigations before she was arrested to pay off the balance due, it is undisputed that the payment was actually made before the date Garner claims to have set for payment in her alleged agreement, and both Garner and her husband admitted that as soon as Garner was arrested they borrowed the money to effect Garner's release from jail. By paying the money Heilig-Meyers required to "recommend" dismissal of the warrant, Garner precluded a judicial resolution in her favor. Because ter-

mination in her favor was an essential element of Garner's claim, and the defendants successfully showed the court this element was lacking, her "claim tumble[d] like a house of cards. All of the other disputes of fact [were] rendered immaterial. [Cit.]" *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). The trial court did not err in granting summary judgment to Heilig-Meyers and Kirby on Garner's claim for false arrest.

*Judgment affirmed. Pope, P. J., and Eldridge, J., concur.*

DECIDED NOVEMBER 12, 1999.

*Johnson, Kane & Penna, Derek A. Mendicino*, for appellant.
*Fine & Block, Kenneth I. Sokolov*, for appellees.