## A01A1369. SHERRILL v. STOCKEL.

(557 SE2d 8)

BLACKBURN, Chief Judge.

In this interlocutory appeal regarding a property dispute between neighbors, Edward Sherrill contends that the trial court erred by denying his motion for summary judgment on Chris Stockel's claim of malicious prosecution. For the reasons which follow, we reverse.

To prevail on a motion for summary judgment, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in a light most favorable to the party opposing the motion, warrant judgment as a matter of law. OCGA § 9-11-56 (c); *Lau's Corp. v. Haskins*.[1] A defendant need not produce any evidence, but must only point to an absence of evidence supporting at least one essential element of the plaintiff's claim. Id. Our review of a denial of summary judgment is de novo, and we view the evidence and all reasonable inferences drawn from it in the light most favorable to the nonmovant. *McBride v. Brown*.[2]

Viewed in this light, the evidence shows that Stockel and Sherrill were neighbors and their relationship became strained due to a dispute involving dead trees on Sherrill's property. Stockel's fence and conduit encroached upon Sherrill's property, and Stockel refused to correct the trespass.

Sherrill placed "no trespassing" signs in his yard. Thereafter, Stockel allegedly came onto Sherrill's property, destroyed the "no trespassing" signs, cursed and used abusive language toward Sherrill, and threatened Sherrill and his family with bodily harm on July 6 and July 7, 1998. Sherrill took out warrants against Stockel for criminal trespass and disorderly conduct in the State Court of DeKalb County and the DeKalb Magistrate Court respectively. A hearing was scheduled for July 24, 1998, on the warrant for criminal trespass. Sherrill later swore that on July 11, 1998, Stockel assaulted him by verbally stating, "You f— p—y." "F— Moron, I will own your house." On July 15, 1998, Stockel was placed on a $1,000 bond, with a special condition that he stay away from Sherrill. Sherrill listed Norman and Mary Ann who lived across the street and Douglas Morrow as witnesses to the incidents.

After the warrants were issued, Stockel's attorney communicated with Sherrill in an attempt to resolve the matter. The parties reached an agreement, and pursuant thereto, Sherrill agreed to seek dismissal of the criminal charges and Stockel agreed to remove his encroachment onto Sherrill's property. Pursuant to this agreement,

[1] *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).
[2] *McBride v. Brown*, 246 Ga. App. 149 (538 SE2d 863) (2000).

Sherrill signed the affidavit prepared by Stockel's attorney. Any ambiguity in the language of this document must be construed against Stockel. See *Smith v. Persichetti*.[3] The "Authorization to Dismiss Criminal Charges" affidavit provided, inter alia, that:

> the basis for the issuance of said warrants and the request for the issuance of such warrants was largely due to a property line dispute and since the date of the alleged incidents, I have had my property surveyed. I have provided a copy of said survey to Mr. Stockel through his legal representative. . . . Mr. Stockel has agreed to remove any conduit on my property and has agreed to remove his chain link fence which is encroaching on my real property. Mr. Stockel has agreed to *remove such items within 20 days of my return of this document*. I believe that it would be in the best interests of myself, justice and Mr. Stockel . . . that *the criminal charges be dropped pursuant to this agreement*. Therefore, I direct that the current warrant application . . . be dismissed and that the current charges against Mr. Stockel . . . be dismissed.

(Emphasis supplied.) Stockel's attorney presented the affidavit to the magistrate court, which dismissed the warrant applications. The charges pending in state court were also dismissed.[4] Thereafter, Stockel removed the encroaching fence and conduit from Sherrill's property pursuant to the agreement. After the matter was resolved, Stockel then hired new counsel and filed this malicious prosecution action based upon the same incident.

Sherrill filed a motion for summary judgment averring the above facts. In response, Stockel submitted an affidavit averring that:

> [m]y former attorney, Randall Rolader, received a call from Sherrill about dropping the charges. Concurrently with that conversation it was discovered that my fence was inadvertently on Sherrill's property due to an inaccurate survey. Rolader said the fence would be moved. Sherrill said the warrants would be dropped. However, the fence location and survey dispute were not related to the criminal prosecution, and no agreement was reached with Sherrill pertaining to

---

[3] *Smith v. Persichetti*, 245 Ga. App. 357 (537 SE2d 441) (2000).

[4] We note that there has been no criminal violation of OCGA § 16-10-90, compounding a crime by the receipt of something of value in exchange for not prosecuting the criminal case here. This is so, because Sherrill sought permission of the court for the dismissal of the criminal charges and received only the removal of the trespass and settlement of the matter. See *State v. Reese*, 184 Ga. App. 413, 414 (361 SE2d 507) (1987).

the incidents leading to the warrants. The fence was being moved after discovering the inaccurate survey, not being related to the prosecution whatsoever. I had every intention of filing suit due to my wrongful arrest, and had communicated this to my attorney, Randall Rolader.

Stockel's affidavit was insufficient as a matter of law. Affidavits supporting and opposing summary judgment must be made on personal knowledge and must set forth such facts as would be admissible in the evidence. OCGA § 9-11-56 (e). "[A]ll hearsay evidence, unsupported conclusions, and the like, must be stricken or eliminated from consideration in a motion for summary judgment." *Butler v. Bolton Road Partners*.[5] A self-serving, conclusory affidavit not supported by fact or circumstances is insufficient to raise a genuine issue of material fact. *Brooks v. Boykin*.[6] Stockel's affidavit, which relies on second-hand information and hearsay and is otherwise self-serving and conclusory, should have been deemed insufficient to demonstrate a triable issue under *Lau's Corp.*

The trial court, however, denied defendant's motion for summary judgment, holding that a factual question existed as to the agreement, because the record contained no affidavit or deposition from attorney Rolader. On appeal, Sherrill argues that because the criminal warrants were dismissed as a result of an agreement to dismiss prosecution, Stockel is precluded from sustaining an action for malicious prosecution, because he cannot establish an essential element of his claim. We agree.

OCGA § 51-7-40 provides that "[a] criminal prosecution which is carried on maliciously and without any probable cause and which causes damage to the person prosecuted shall give him a cause of action." To prevail on a claim of malicious prosecution, a plaintiff must demonstrate: "(1) prosecution for a criminal offense; (2) the prosecution instigated under a valid warrant, accusation, or summons; *(3) termination of the prosecution in favor of the plaintiff*; (4) malice; (5) want of probable cause; and (6) damage to the plaintiff." (Emphasis supplied.) *Medoc Corp. v. Keel*.[7] The plaintiff in these cases has a heavy burden and may prevail only if each of the foregoing elements is met. *Brooks v. H & H Creek*.[8] Malicious prosecution claims are not favored under Georgia law, since it is public policy to

---

[5] *Butler v. Bolton Road Partners*, 222 Ga. App. 791, 794 (2) (476 SE2d 265) (1996).
[6] *Brooks v. Boykin*, 194 Ga. App. 854, 856 (3) (392 SE2d 46) (1990).
[7] *Medoc Corp. v. Keel*, 166 Ga. App. 615-616 (1) (305 SE2d 134) (1983).
[8] *Brooks v. H & H Creek*, 223 Ga. App. 635 (478 SE2d 451) (1996).

encourage citizens to bring to justice those who appear guilty. *Desmond v. Troncalli Mitsubishi.*[9]

With respect to the third element, if the termination of the prosecution has been brought about by compromise and agreement of the parties, it has not terminated "in favor of the plaintiff," and thus, an action for malicious prosecution will not lie. *Laster v. Star Rental;*[10] *Garner v. Heilig-Meyers Furniture Co.*[11] "The defendant, by consenting to a termination of the criminal action, precluded a resolution in [his] favor, which is an essential element of a malicious prosecution claim." *Gerry v. K-Mart.*[12]

In the trial court, Stockel disputed that there was an agreement between the parties, suggesting in his affidavit that Sherrill's dismissal of the criminal charges was gratuitous and had nothing to do with Stockel's willingness to remove the encroaching fence and conduit. On appeal, Stockel argues that the prosecution was terminated in his favor, because the subject matter of his agreement (to remove a fence and conduit) was unrelated to the subject matter of the criminal prosecution (trespass and disorderly conduct). The plain language of the authorization to dismiss criminal charges establishes a nexus between these matters, as Stockel was to remove the trespass within 20 days of receiving the authorization to dismiss the criminal charges. In any event, the trial court did not rule on this issue, and therefore, there is nothing for this court to review.

Here, Sherrill put forward evidence demonstrating an agreement between the parties to dismiss the criminal charges in exchange for Stockel moving the fence and conduit. The evidence of this agreement pierced an essential element of Stockel's claim for malicious prosecution, that is, that the prosecution terminated in his favor. Where the plaintiff cannot establish an essential element of his claim, the defendant is entitled to summary judgment. The court erred in failing to grant summary judgment to Sherrill in the absence of an essential element of Stockel's case. The trial court erred in denying Sherrill's motion for summary judgment.

*Judgment reversed. Pope, P. J., and Mikell, J., concur.*

DECIDED NOVEMBER 2, 2001.

---

[9] *Desmond v. Troncalli Mitsubishi*, 243 Ga. App. 71, 74 (2) (532 SE2d 463) (2000).

[10] *Laster v. Star Rental*, 181 Ga. App. 609, 610 (1) (353 SE2d 37) (1987).

[11] *Garner v. Heilig-Meyers Furniture Co.*, 240 Ga. App. 780, 782 (2) (525 SE2d 145) (1999).

[12] *Gerry v. K-Mart*, 222 Ga. App. 364 (1) (474 SE2d 260) (1996).

*Mumford, Myers & Mooney, Albert A. Myers III*, for appellant.
*Bill W. Crecelius, Jr.*, for appellee.