## A02A1904. SMITH et al. v. LEWIS.
(578 SE2d 220)

MILLER, Judge.

Marjorie and Tiffani Smith filed a complaint against Nancy Lewis for malicious prosecution. They now appeal the trial court's grant of summary judgment in favor of Lewis. Since the Smiths failed to establish the elements necessary to sustain an action for malicious prosecution, we hold that summary judgment was proper and affirm.

Under OCGA § 9-11-56 (c), to prevail the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991). The moving party may discharge its burden by pointing out by reference to affidavits, depositions, and other documents in the record that there is an absence of evidence to support the nonmoving party's case. Id. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue. OCGA § 9-11-56 (e). When reviewing the grant of a motion for summary judgment, this Court conducts a de novo review of the law and the evidence. *Pike Nurseries v. Allen*, 253 Ga. App. 312 (558 SE2d 834) (2002).

Construed in favor of the Smiths, the evidence showed that Lewis applied for criminal arrest warrants against Marjorie Smith for criminal trespass and simple assault and against her daughter

Tiffani Smith for simple assault and simple battery. The Smiths subsequently filed a complaint for malicious prosecution, claiming that Lewis, their next-door neighbor, repeatedly filed false and harassing complaints against them, and that there was no probable cause to support the commission of the offenses alleged by Lewis.

1. In two enumerations, the Smiths argue that the court erred in granting Lewis's motion for summary judgment. Lewis moved for summary judgment on the ground that the Smiths had not established the elements necessary to sustain a claim for malicious prosecution.

"To prevail on a claim of malicious prosecution, a plaintiff must demonstrate: '(1) prosecution for a criminal offense; (2) the prosecution instigated under a valid warrant, accusation, or summons; (3) *termination of the prosecution in favor of the plaintiff*; (4) malice; (5) want of probable cause; and (6) damage to the plaintiff.'" (Citation and footnote omitted; emphasis in original.) *Sherrill v. Stockel*, 252 Ga. App. 276, 278 (557 SE2d 8) (2001). Here the Smiths have failed to establish the third element in that they have not shown that the criminal prosecutions were terminated in their favor. There is no evidence of record showing that the prosecution against Marjorie Smith had been terminated in her favor. The record does contain a "NOTICE THAT NO ACCUSATION WILL BE FILED" by the State, naming Tiffani Smith as the defendant. The notice explains that the State will not proceed with the charges against *her* as a result of mediation (there is no similar notice naming Marjorie Smith as a defendant). Although the notice is evidence that the prosecution against Tiffani Smith has been terminated, we have held that "if the termination of the prosecution has been brought about by compromise and agreement of the parties, it has not terminated 'in favor of the plaintiff,' and thus, an action for malicious prosecution will not lie." (Citations and footnotes omitted.) Id. at 279; see *Laster v. Star Rental*, 181 Ga. App. 609 (1) (353 SE2d 37) (1987).

Based on Lewis's challenge, the Smiths were required to present evidence which established the elements of malicious prosecution. See, e.g., *Stebbins v. Ga. Power Co.*, 252 Ga. App. 261, 263-264 (1) (c) (555 SE2d 906) (2001). In this case they failed to make their claim. Thus, the trial court correctly granted summary judgment to Lewis. See *Sherrill*, supra, 252 Ga. App. at 279.

2. The Smiths claim in their remaining enumeration of error that the court erred in finding that their response to Lewis's motion for summary judgment was untimely. This enumeration is deemed abandoned, however, as it is not supported in the brief by citation of authority or argument. Court of Appeals Rule 27 (c) (2); see *Barnett Bank of Southeast Ga. v. Hazel*, 251 Ga. App. 836, 839 (3) (555 SE2d 195) (2001).

*Judgment affirmed. Johnson, P. J., and Blackburn, P. J., concur.*

DECIDED FEBRUARY 11, 2003.

Marjorie Smith, *pro se.*
Tiffani Smith, *pro se.*
Gray, Hedrick & Edenfield, Lloyd B. Hedrick, Jr., for appellee.