### A04A1521. GRAY v. DENTAL ONE ASSOCIATES, INC.
(605 SE2d 366)

MIKELL, Judge.

After he was arrested and charged with disorderly conduct and assault and battery, John R. Gray sued Dental One Associates, Inc., ("Dental One") alleging malicious prosecution, negligence, intentional infliction of emotional distress, and assault and battery. In an order entered on July 30, 2001, the trial court granted summary judgment to Dental One on all claims except the malicious prosecution claim. Dental One filed a second motion for summary judgment in 2003, which the trial court granted. Gray appeals, and we affirm.

Gray was arrested following an altercation that erupted in Dental One's Marietta office on February 28, 1995, concerning an outstanding bill for $16.72. He was charged by accusation with disorderly conduct, three counts of simple assault, and two counts of

---

simple battery. On March 10, 1997, Gray, through counsel, made a written settlement offer to the solicitor-general. The offer consisted of five conditions:

1. Mutual release of civil liability by each party from the other parties, including all alleged victims and defendant, one for one.
2. Dismiss all charges and counts.
3. Expunge record.
4. John Gray write letter to [assistant solicitor-general] stating his side of incident.
5. 20 [hours of] community service at MUST Ministries evidenced by letter from Director.

Gray's offer was accepted upon completion of each condition by April 18, 1997. Pursuant to the agreement, Gray wrote a letter to the assistant solicitor-general, enclosing the required letter from MUST Ministries. The letter stated:

I am writing this letter as my final part of an agreement on 10Mar97 between myself, John R. Gray, and the Cobb County Prosecutor's/Solicitor-General's office. . . . I have made no other deals or agreements, nor authorized any of my attorneys to make any deals or agreements, other than the one you, [assistant solicitor-general], and I signed on 10Mar97.[1]

On April 17, 1997, the court entered a nolle prosequi, stating that "upon completion of letter and community service, the state elects to nolle prosequi the citation."

One essential element of a cause of action for malicious prosecution is "termination of the prosecution in favor of the plaintiff."[2] It has long been the rule in Georgia that "where the termination of the prosecution has been brought about by compromise and agreement of the parties, an action for malicious prosecution can not be maintained."[3]

On appeal, Gray asserts that the grant of summary judgment was error because the evidence is in conflict as to whether the

---

[1] The letter is not in the record, but it is quoted in Dental One's motion for summary judgment, and its existence is undisputed.

[2] (Citation and punctuation omitted.) *Commercial Plastics & Supply Corp. of Ga. v. Molen*, 182 Ga. App. 202, 203 (1) (355 SE2d 86) (1987) (the other elements are prosecution for a criminal offense; instigated under a valid warrant, accusation, or summons; malice; lack of probable cause; and damage). See OCGA § 51-7-40.

[3] (Citation omitted.) *Waters v. Winn*, 142 Ga. 138, 140 (2) (82 SE 537) (1914). Accord *Gerry v. K-Mart*, 222 Ga. App. 364 (1) (474 SE2d 260) (1996).

accusation was nolle prossed as a result of the settlement agreement. We disagree. The evidence Gray submitted, affidavits from himself and his counsel, do not create a genuine issue of material fact. In his affidavit, Gray averred that he never agreed "to do anything" in exchange for the dismissal of the charges against him; rather, he had been performing community service for years. Gray provided an affidavit from MUST Ministries concerning his community service. The attorney who represented Gray during the criminal prosecution averred that he never believed a settlement agreement was ever reached because, to the best of his knowledge, Gray never completed all of the conditions specified therein. These averments, however, are inadmissible under the parol evidence rule.

> Where parties have reduced to writing what appears to be a complete and certain agreement, it will, in the absence of fraud, accident, or mistake, be conclusively presumed that the writing contains the entire contract, and parol evidence of prior or contemporaneous representations or statements is inadmissible to add to, take from, or vary the written instrument.[4]

Here, Gray does not allege that his agreement with the solicitor-general was the product of fraud, accident or mistake. Accordingly, the averments of himself and his former counsel cannot be considered. Therefore, this case is governed by the principle that "[w]here the defendant in a criminal prosecution settles with the prosecutor the claim which is the subject-matter in issue, the prosecution, although thereby terminated, is not terminated favorably to the defendant."[5] As the criminal action was not resolved in Gray's favor, summary judgment was properly granted to Dental One on his malicious prosecution claim.[6]

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED AUGUST 25, 2004 —
RECONSIDERATION DENIED OCTOBER 6, 2004.

*Daniel L. Henderson*, for appellant.

---

[4] (Citation and punctuation omitted.) *Watson v. Zurich-American Ins. Co.*, 221 Ga. App. 4, 5-6 (1) (470 SE2d 684) (1996).

[5] (Citation omitted.) *Smith v. Otwell*, 51 Ga. App. 741 (1) (181 SE 493) (1935).

[6] See also *Grand Union Co. v. Miller*, 232 Ga. App. 857, 860 (1) (503 SE2d 49) (1998) (criminal prosecution terminated as a result of his covenant not to sue, precluding malicious prosecution claim), rev'd in part on other grounds, *Miller v. Grand Union Co.*, 270 Ga. 537 (512 SE2d 887) (1999); *Gerry v. K-Mart*, supra.

*Fain, Major, Wiley & Brennan, Alexander Gordon, Cobb & Irwin, Larry G. Cobb*, for appellee.