A07A1537. HEFLIN v. GOODMAN et al.
(654 SE2d 417)

BERNES, Judge.

Terrence Van Heflin brought suit against appellees[1] for malicious prosecution, among other claims, after he was arrested for check fraud following the purchase of an automobile from Team Toyota of Lithia Springs. At the close of Heflin's evidence, the court directed a verdict in favor of the appellees on the malicious prosecution claim, concluding that Heflin had failed to establish a prima facie case as a matter of law. Heflin appeals the trial court's ruling. For the reasons that follow, we affirm.

"A grant of directed verdict is a ruling that the evidence and all reasonable deductions therefrom demand a particular verdict. OCGA § 9-11-50 (a)." (Emphasis omitted.) *Carden v. Burckhalter*, 214 Ga. App. 487, 488 (1) (b) (448 SE2d 251) (1994). We conduct a de novo review of the record in order to ensure that the evidence satisfies this standard. Id.

The evidence adduced at trial showed that in June 2003, Heflin purchased an automobile from Team Toyota. In the course of that

---

[1] The appellees include Brenda Goodman and Charity Adams, individually and as employees of Autonation USA Corporation d/b/a Team Toyota of Lithia Springs, and Autonation Motors of Lithia Springs, Inc. d/b/a Team Toyota of Lithia Springs, Georgia.

exchange, Heflin wrote a check for the purchase price in the amount of $1,835.93 and executed a hold-check security agreement. The hold-check security agreement provided that Team Toyota would not deposit Heflin's check for a certain number of days in exchange for a guarantee by a hold-check company to pay the check, should it not clear Heflin's bank after the agreed-upon negotiation date.

Despite the existence of the security agreement, Team Toyota issued a warrant for Heflin's arrest after the check failed to clear his account on the agreed-upon date due to insufficient funds. On October 10, 2003, Heflin was arrested and was not released until four days later. On that day, Heflin appeared before a judge, at which time the judge ordered him to pay $2,052.72. The payment was characterized as a bond, but Heflin understood it to be restitution and/or a fine in an amount equal to the purchase price of the vehicle plus court costs. Heflin paid cash and was released.

No further action was taken against Heflin in pursuit of the fraudulent check charge. Two days after Heflin was released, his wife contacted Team Toyota requesting that a letter be drafted in an effort to "get [the felony arrest] taken off" of Heflin's record. An agent of Team Toyota agreed to draft a letter after first requesting that Heflin's wife fax proof that Heflin had paid the balance on the outstanding check. The agent then drafted a letter addressed to both the sheriff's office and the district attorney that stated that Heflin's account had been paid in full, requested that the warrant issued on Heflin be dropped, and urged that "nothing be reported." Heflin presented conflicting testimony as to whether Team Toyota actually intended the letter to be sent to the sheriff and the district attorney, although it appears undisputed that Team Toyota did not send it. Nonetheless, Heflin testified that the felony arrest remained on his record as of the time of trial.

Heflin filed numerous causes of action against appellees, including one for malicious prosecution. Among the essential elements of a claim for malicious prosecution are proof that a prosecution (1) was instituted maliciously, (2) lacked probable cause, and (3) terminated in favor of the plaintiff. *J. C. Penney Co. v. Miller*, 182 Ga. App. 64, 66 (2) (354 SE2d 682) (1987). At the close of Heflin's evidence, the trial court granted the appellees' motion for directed verdict, finding that he failed to prove that the prosecution was terminated in his favor. It is from this judgment that Heflin appeals.

Georgia law is well established that a plaintiff must affirmatively prove a favorable termination of the underlying prosecution in order to succeed on a claim for malicious prosecution. See *Sherrill v. Stockel*, 252 Ga. App. 276, 278-279 (557 SE2d 8) (2001); *Garner v. Heilig-Meyers Furniture Co.*, 240 Ga. App. 780, 782 (2) (525 SE2d 145) (1999); *Commercial Plastics & Supply Corp. of Ga. v. Molen*, 182 Ga.

App. 202, 203-204 (1) (355 SE2d 86) (1987). Moreover, because Georgia law disfavors malicious prosecution claims, the burden placed on a plaintiff in this regard is a heavy one. *Sherrill*, 252 Ga. App. at 278-279. Evidence that a prosecution is terminated as a result of a compromise or a settlement between the parties is fatal to the claim. See, e.g., *Gray v. Dental One Assoc.*, 269 Ga. App. 888, 889-890 (605 SE2d 366) (2004); *Garner*, 240 Ga. App. at 782 (1); *Laster v. Star Rental*, 181 Ga. App. 609, 609-610 (1) (353 SE2d 37) (1987); *Commercial Plastics & Supply Corp.*, 182 Ga. App. at 203-204 (1).

In this case, the record is devoid of any evidence from which a reasonable juror could conclude that, at the time of trial, the prosecution against Heflin had been dismissed, or otherwise terminated at all. Indeed, all of the evidence supported a finding that the case against him remained pending. Heflin paid what he characterized and what the sheriff's department's record denominated as a bond and was released from jail. He admitted that the monetary payment did not terminate the pending charges. Heflin further admitted that the records of the sheriff's office did not reflect a disposition of the criminal case against him, and that the criminal charge remained on his record. Because there is no evidence that the prosecution against him was terminated, this case is distinguishable from the cases relied upon by Heflin, in which there was affirmative proof of a final disposition in favor of the defendant. Compare *Ayala v. Sherrer*, 234 Ga. 112, 112-117 (214 SE2d 548) (1975) (dismissal by the recorder's office over the prosecutor's objection); *Vadner v. Dickerson*, 212 Ga. App. 255, 256-257 (441 SE2d 527) (1994) (dismissal for lack of venue coupled with evidence of a voluntary abandonment by the prosecutor); *Wilborn v. Elliott*, 149 Ga. App. 541, 542-543 (5) (254 SE2d 755) (1979) (dismissal by a justice of the peace); *Reed v. Arrington-Blount Ford, Inc.*, 148 Ga. App. 595, 597-598 (3) (252 SE2d 13) (1979) (dismissal by the solicitor's investigator who, based on the findings of his investigation, returned the warrant to the justice of the peace); *Smith v. Embry*, 103 Ga. App. 375, 380-381 (5) (119 SE2d 45) (1961) (noting that a prosecution cannot be dismissed without affirmative action by a judicial officer).

Even assuming arguendo that the case against him had been terminated, Heflin failed to present any evidence from which a reasonable juror could conclude that the prosecution terminated in his favor. To the contrary, the evidence supported the conclusion that, to the extent the case was resolved, it was resolved in a compromise by Heflin in favor of appellees. As previously mentioned, the evidence showed that Heflin made a payment which he understood to be made in satisfaction of the underlying debt owed to Team Toyota. In light of these facts, we cannot conclude that the case was terminated in Heflin's favor. See *Garner*, 240 Ga. App. at 782-783 (1); *Commercial*

*Plastics & Supply Corp.*, 182 Ga. App. at 203-204 (1); *Laster*, 181 Ga. App. at 609 (1); *Henson v. American Family Corp.*, 171 Ga. App. 724, 731 (6) (321 SE2d 205) (1984).

The burden of proof was on Heflin to show that a triable question of fact existed as to whether the underlying criminal charge was terminated, and that it terminated in his favor. He did not do so. Accordingly, the trial court properly directed a verdict in favor of the appellees on his claim for malicious prosecution. Accord *Garner*, 240 Ga. App. at 782-783 (1); *Laster*, 181 Ga. App. at 609 (1); *Commercial Plastics & Supply Corp.*, 182 Ga. App. at 203-204 (1).[2]

*Judgment affirmed. Blackburn, P. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 16, 2007 —

*Millar & Mixon, Bruce R. Millar*, for appellant.
*Weinberg, Wheeler, Hudgins, Gunn & Dial, Jennifer R. Bradford, John M. Hawkins*, for appellees.

---

[2] Appellees' motion for sanctions is denied. Court of Appeals Rule 15 (b).